UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: CROP INPUTS | ) | 4:21-MD-2993 SEP |
| ANTITRUST LITIGATION | ) | |
| | ) | **ALL CASES** |

**ORDER UPON TRANSFER**

1.  This order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to their order of June 8, 2021, as well as all related actions originally filed in this Court or transferred or removed to this Court. These actions are listed in Schedule A attached hereto. This order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation and to any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

2.  The actions described in paragraph 1 of this order are coordinated for pretrial purposes.

3.  This case will use the Court's Electronic Case Filing ("ECF") system.  All counsel shall register forthwith as an ECF User in this Court and be issued an ECF User ID and password. Forms and instructions can be found on the Court's Web site at www.moed.uscourts.gov.  All pleadings and papers shall be filed electronically using the Court's ECF system.

4.  The Clerk of Court shall issue a new case number to each case transferred to this Court by order of the MDL Panel. **All documents shall be filed only in the main case number 4:21-MD-2993 SEP. Nothing shall be filed** in **any of the individual case files.**  All papers filed in these actions shall bear the case identification "**4:21-MD-2993 SEP**," and when such papers relate to all these actions, the MDL case number shall be followed by the notation **"ALL CASES."**

5.  If such papers do not relate to all of these actions, the individual case number assigned by the Clerk of this Court to the action to which the paper relates shall also be listed below the MDL case number.

6.  Any paper which is to be filed in any of these actions shall be filed only in this MDL case and not with the transferor district court.

7.  Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Eastern District of Missouri Local Rule 12.01 are waived.  Association of

1

local counsel is not required.

      8. Prior to the initial case conference service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto as Schedule B.  Any attorney who wishes to have his or her name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk of this Court, with notice to all other persons on such service list.  Service shall be deemed sufficient if made upon all attorneys on the Panel Attorney Service List.

      9. Prior to the initial conference, counsel for the plaintiffs and counsel for defendants shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group.  Liaison counsel will serve as the primary contact person for the Court regarding administrative matters.

      10. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them, and shall make such files available to other parties upon request. Liaison counsel are also authorized to receive orders and notices from the MDL Panel pursuant to Rule 4.1(d) of the Panel's Rules of Procedure on behalf of all parties, and shall be responsible for the preparation and transmittal of copies of such orders and notices to all parties.

      11. Hearings shall not be held on any motions filed except by order of the Court upon such notice as the Court may direct.

      12. In accordance with Eastern District of Missouri Local Rule 4.04, attorneys shall communicate with the Court only in writing by motion or memorandum.

      13. Any orders including protective orders previously entered by this Court or any transferor district court shall remain in full force and effect unless modified by this Court upon application.

      14. The Court will be guided by the *Manual for Complex Litigation, Fourth* (MCL 4th), approved by the Judicial Conference of the United States, and counsel are directed to familiarize themselves with that publication.  At the initial scheduling conference, Counsel must be prepared to suggest procedures that will secure the just, speedy, and inexpensive determination of this proceeding.  To the extent they apply, the items listed in MCL 4th Sections 11.21, 11.211, 11.212, 11.213, and 11.214 shall constitute a tentative agenda for the conference. Counsel must confer and seek consensus about items on the agenda.  The parties must submit any proposals for additional agenda items by no later than **Tuesday, July 27, 2021**, to the chambers of Judge Sarah E. Pitlyk, by email at Moedml_Pitlyk@moed.uscourts.gov.

      15. Plaintiffs and Defendants must submit to the chambers of Judge Sarah E. Pitlyk, by email at Moedml_Pitlyk@moed.uscourts.gov no later than **Tuesday, July 27, 2021**, a brief written statement of their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues.  These statements will not be filed with the Clerk of Court, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a

party at later proceedings. To the extent known, the statements must list all pending motions and all related cases pending in federal court (or state court, if any), together with their current status, including discovery taken to date. The Court limits the parties to *one submission for all Plaintiffs* and *one submission for all Defendants*.

16. All other preliminary matters will be discussed at the initial pretrial conference at **1:00pm** on **Monday, August 9, 2021**, in the courtroom of the undersigned. An order setting that conference will be issued along with this order.

Dated this 29th day of June, 2021.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

**IN RE: CROP INPUTS ANTITRUST
LITIGATION**                                              MDL No. 2993

## SCHEDULE A

**District of Idaho**

B & H FARMING, ET AL. v. SYNGENTA CORPORATION, ET AL 4:21−00121

**Southern District of Illinois**

PIPER v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00021
SWANSON v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00046
LEX v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00122
DUNCAN v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00158
JONES PLANTING CO. III v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00173
CANJAR v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 3:21−00181
VIENNA EQHO FARMS v. BAYER CROPSCIENCE, INC., ET AL., C.A. No. 3:21−00204
LITTLE OMEGA v. BAYER CROPSCIENCE LP, ET. ILS No. 3:21-00297

**District of Kansas**

BUDDE v. SYNGENTA CORPORATION, ET AL., C.A. No. 2:21−02095

**District of Minnesota**

CARLSON v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−0047
HANDWERK v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−00351
FLATEN v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−00404
RYAN BROS., INC., ET AL. v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−00433
PFAFF v. BAYER CROPSCIENCE LP, ET AL., C.A. No. 0:21−00462
EAGLE LAKE FARMS PARTNERSHIP v. BAYER CROPSCIENCE LP, ET AL., No. 0:21-543
　　　DEKREY v. BAYER CROPSCIENCE, LP, ET AL., No. 0:21-639
　　　SCHULTZ v. BAYER CROPSCIENCE, LP, ET AL., No. 0:21-681
　　　HAPKA FARMS, INC., ET AL. v. BAYER CROPSCIENCE, LP, ET AL., No. 0:21-685
　　　BEEMAN BERRY FARM, LLC v. BAYER CROPSCIENCE, LP, ET AL, No. 0:21-719
　　　WUNSCH FARMS v. BAYER CROPSCIENCE, LP, ET AL., No. 0:21-970
　　　BECK v. BAYER CROPSCIENCE, LP, ET AL., 0:21-996
　　　PEIFFER v. BAYER CROPSCIENCE, LP, ET AL., 0:21-1239

**Eastern District of Pennsylvania**

TOM BURKE FARMS v. BAYER CROPSCIENCE, LP, ET AL., No. 2:21-1049