# Exhibit A

*In re Crop Inputs*, MDL No. 2993
**Disputed Sections of Proposed Stipulation for Protective Order**

| PARAGRAPH | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| 7(b)(i)(7) | The author or recipient of the document (not including a person who received the document in the course of the litigation);<br><br>**Reasoning:** Authors or recipients of a document should not be prohibited from receiving Confidential Information or be limited to receiving that information only at deposition or trial. The authors and recipients by definition have already seen (and in the case of authors written) the Confidential Information. It is highly likely that a significant number of documents produced by defendants in this action will be marked as Confidential Information so such a limitation will materially limit Plaintiffs' ability to use documents as necessary to prosecute this case. For these practical reasons, such terms are typical in Protective Orders. | At deposition or trial, with respect to witnesses to whom disclosure is reasonable because counsel for the Party or Non-Party intending to disclose the Confidential Information or Foreign Confidential Personal Data has a good faith basis for believing such witness (a) is the author or recipient of the document; (b) is referenced in the document; or (c) has personal knowledge as to the contents of the document. Witnesses shall not retain a copy of documents containing Confidential Information or Foreign Confidential Personal Data, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; and<br><br>**Reasoning:** Defendants' proposal combines Plaintiffs' suggested paragraphs 7(b)(i)(7)-(9) into one paragraph and tethers use of the Confidential Information to deposition or trial.<br><br>It is unclear how Plaintiffs intend to disclose the Confidential Information outside of the deposition or trial context. Nonetheless, Defendants' seek to prevent Plaintiffs from disclosing Confidential Information to authors or recipients outside of this context because: (i) authors or recipients of |

1

| PARAGRAPH | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| 7(b)(i)(7) (cont'd) | | Confidential Information are likely to be current employees, represented by counsel, and Plaintiffs should not disclose or discuss such information with current employees outside of the deposition or trial context; and (ii) former employees are no longer permitted access to Confidential Information of the business and Plaintiffs should not be able to disclose such information outside of a deposition or trial context.<br><br>Further, there is already an agreed provision in the protective order that allows parties to disclose Confidential Information to other persons by written consent of the designating party. As a result, should Plaintiffs seek to disclose such information to others, it may do so by agreement with the designating party. |

| PARAGRAPH | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| 7(b)(i)(8) | Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the person has knowledge; disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced;<br><br>**Reasoning:** Persons with knowledge regarding the subject matter of the document should not be prohibited from receiving confidential information or be limited to receiving that information only at deposition or trial. As discussed above, it is highly likely that a significant number of documents produced by defendants in this action will be marked as Confidential Information so such a limitation will materially limit Plaintiffs' ability to use documents as necessary to prosecute this case. Without the ability to use a document in which a person is "referenced in the document or whose conduct is purported to be identified in the document" to refresh a person's recollection, Plaintiffs' ability to discover relevant information will be unduly hampered. For these practical reasons, such terms are typical in Protective Orders. | At deposition or trial, with respect to witnesses to whom disclosure is reasonable because counsel for the Party or Non-Party intending to disclose the Confidential Information or Foreign Confidential Personal Data has a good faith basis for believing such witness (a) is the author or recipient of the document; (b) is referenced in the document; or (c) has personal knowledge as to the contents of the document. Witnesses shall not retain a copy of documents containing Confidential Information or Foreign Confidential Personal Data, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; and<br><br>**Reasoning:** Defendants' proposal combines plaintiffs' suggested paragraphs 7(b)(i)(7)-(9) into one paragraph and tethers use of the Confidential Information to deposition or trial for the same reasons stated above. |

WEIL:\98231516\2\22003.0019

| PARAGRAPH | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| 7(b)(i)(9) | At deposition or trial, with respect to witnesses to whom disclosure is reasonable because counsel for the Party or Non-Party intending to disclose the information has a good faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness has knowledge. Witnesses shall not retain a copy of documents containing Confidential Information or Foreign Confidential Personal Data, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; and<br><br>**Reasoning:** Defendants' proposal is too narrow and unreasonably limits and prohibits Plaintiffs from using Confidential Information with witnesses who may have knowledge regarding facts related to the documents' content, but is not specifically referenced therein. Given the protections already provided in the Protective Order, there is no valid reason that Plaintiffs' ability to use documents during the course of depositions or trial should be so limited.  Plaintiffs have reviewed many of the protective orders issued by this Court, none of which purport to limit disclosure of Confidential Information as narrowly as Defendants propose in this provision. To the extent Defendants rely on the Form Patent Protective Order in the Local Rules, Plaintiffs would assert that this is not a patent case and the narrow provisions in that form should not apply here. | At deposition or trial, with respect to witnesses to whom disclosure is reasonable because counsel for the Party or Non-Party intending to disclose the Confidential Information or Foreign Confidential Personal Data has a good faith basis for believing such witness (a) is the author or recipient of the document; (b) is referenced in the document; or (c) has personal knowledge as to the contents of the document. Witnesses shall not retain a copy of documents containing Confidential Information or Foreign Confidential Personal Data, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; and<br><br>**Reasoning:** Defendants' proposal combines plaintiffs' suggested paragraphs 7(b)(i)(7)-(9) into one paragraph and tethers use of the Confidential Information to deposition or trial.<br><br>Plaintiffs' proposal that Confidential Information may be disclosed to a witness so long as it is "relevant to events, transactions, discussions, communication, or data" is so broad as to effectively remove any limitation from use of Confidential Information in deposition or trial. Defendants' proposal seeks to ensure that only those that may have personal knowledge regarding the Confidential Information are permitted to receive such information. Plaintiffs' proposal is particularly problematic given that it would allow excessive sharing of Confidential |

4

| PARAGRAPH | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| 7(b)(i)(9) (cont'd) | | Information between employees of competitors, when Plaintiffs have alleged those very same competitors are engaged in anticompetitive conduct.<br><br>Defendants also note that Plaintiffs' proposal is far broader than the permitted uses identified in the Form Stipulated Protective Order provided by this District. *See* EDMO Local Rules, Stipulation for Protective Order, Appendix A, ¶ 3.<br><br>Further, there is already an agreed provision in the protective order that allows parties to disclose Confidential Information to other persons by written consent of the designating party. As a result, should Plaintiffs seek to disclose such information to others, it may do so by agreement with the designating party. |

| PARAGRAPH | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| 7(b)(ii)(6) | The author or recipient of the documents (not including a person who received the document in the course of the litigation)<br><br>**Reasoning:** Authors or recipients of a document should not be prohibited from receiving Highly Confidential Information or be limited to receiving that information only at deposition or trial. See rationale provided above with respect to Section 7(b)(i)(7). | At deposition or trial, with respect to witnesses to whom disclosure is reasonable because counsel for the Party or Non-Party intending to disclose the Highly Confidential Information has a good faith basis for believing such witness: (a) is the author or recipient of the document; (b) is referenced in the document; or (c) has personal knowledge as to the contents of the document. Witnesses shall not retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; and<br><br>**Reasoning:** Defendants' proposal combines plaintiffs' suggested paragraphs 7(b)(ii)(6)-(8) into one paragraph and tethers use of the Highly Confidential Information to deposition or trial for the same reasons as stated above. |
| 7(b)(ii)(7) | Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications or data about which the person has knowledge; disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and | At deposition or trial, with respect to witnesses to whom disclosure is reasonable because counsel for the Party or Non-Party intending to disclose the Highly Confidential Information has a good faith basis for believing such witness: (a) is the author or recipient of the document; (b) is referenced in the document; or (c) has personal knowledge as to the contents of the document. Witnesses shall not retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of |

| PARAGRAPH | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| 7(b)(ii)(7) (cont'd) | **Reasoning:** Persons with knowledge regarding the subject matter of the document should not be prohibited from receiving Highly Confidential Information or be limited to receiving that information only at deposition or trial. See rationale provided above with respect to Section 7(b)(i)(8). | all exhibits marked at their depositions in connection with review of the transcripts; and

**Reasoning:** Defendants' proposal combines plaintiffs' suggested paragraphs 7(b)(ii)(6)-(8) into one paragraph and tethers use of the Highly Confidential Information to deposition or trial for the same reasons as stated above. |
| 7(b)(ii)(8) | At deposition or trial, with respect to witnesses to whom disclosure is reasonable because counsel for the Party or Non-Party intending to disclose the information has a good faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness has knowledge. Before disclosing any document pursuant to this paragraph, counsel who intends to disclose the document must first notify counsel for the designating party of their intent to do so. At depositions, trial or hearings, such notice may be accomplished by presenting a copy of the Highly Confidential Information to counsel for the designating party and permitting counsel an opportunity to object before the document is shown to the witness. Until the Designating Party agrees to the disclosure, or the Court orders such disclosure, Highly Confidential Information shall not be disclosed to or discussed with any witness. Witnesses shall not retain a copy of documents containing Highly Confidential | At deposition or trial, with respect to witnesses to whom disclosure is reasonable because counsel for the Party or Non-Party intending to disclose the Highly Confidential Information has a good faith basis for believing such witness: (a) is the author or recipient of the document; (b) is referenced in the document; or (c) has personal knowledge as to the contents of the document. Witnesses shall not retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; and

**Reasoning:** Defendants' proposal combines plaintiffs' suggested paragraphs 7(b)(ii)(6)-(8) into one paragraph and tethers use of the Highly Confidential Information to deposition or trial for the same reasons as stated above. |

| PARAGRAPH | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| 7(b)(ii)(8) (cont'd) | Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; and<br><br>**Reasoning:** Defendants' proposal is too narrow and unreasonably limits and prohibits Plaintiffs from using Highly Confidential Information with witnesses who may have knowledge regarding facts related to the documents' content, but is not specifically referenced therein. In an attempt to prevent any unauthorized disclosures, counsel for the Designating Party has the opportunity to object before the documents is disclosed to the witness, which should resolve any concern that unauthorized persons would receive such information at a deposition or trial and allow the Parties to bring the issue to the Court if necessary. Plaintiffs have reviewed many of the protective orders issued by this Court, none of which purport to limit disclosure of Highly Confidential Information as narrowly as Defendants propose. To the extent Defendants rely on the Form Patent Protective Order in the Local Rules, Plaintiffs would assert that this is not a patent case and the narrow provisions in that form should not apply here. | |

| PARAGRAPH | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| 7(b)(iii) | Plaintiffs believe it is improper to define "expert" in the Protective Order.<br><br>**Reasoning:** Defendants' definition of "expert" unreasonably limits Plaintiffs' ability to hire an expert of their choosing. It is typical in cases of this nature for Plaintiffs to hire industry experts. Defendants' definition would unreasonably limit Plaintiffs' ability to do so. This creates a major asymmetry of information as Defendants are already experts in the industry. Plaintiffs have not been able to find any protective orders in the Eastern District of Missouri, or elsewhere, which define "expert" in such a narrow fashion. This is not surprising because the Protective Order is not a vehicle intended to limit either parties' ability to hire an expert of their choosing. The very purpose of the Protective Order is to protect Designated Information from disclosure outside of the litigation, and therefore, any expert retained solely for purposes of litigation would be prohibited from using any Designated Information received outside of the litigation. | An expert, as that term is used in this Order, is a person with specialized knowledge or experience in a matter pertinent to this Litigation who: (a) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Litigation; (b) is not a current employee or contractor of a Party or of a Party's competitor; (c) at the time of retention, is not anticipated to become an employee or contractor of a Party or of a Party's competitor; and (d) was not employed by or acted as a contractor for a Party within the last 3 year(s). A competitor is any entity that manufactures, sells, or distributes seeds, crop protection products, or other agricultural inputs.<br><br>**Reasoning:** Defendants compete in a highly competitive industry. Certain Defendants are competitors with other Defendants; there also are 100s of entities not named in this case that are also competitors of Defendants. As is typical in an antitrust case, Defendants can be expected to produce exceptionally sensitive information relating to their customer relationships, pricing, and strategic plans if this case proceeds to discovery. In order to protect their respective trade secrets, proprietary information and other confidential sensitive business information, and to avoid competitive injury, Defendants inserted this provision to ensure that any expert(s) engaged by Plaintiffs or Defendants do not include competitors in the crop inputs industry. Experts are permitted to receive both Confidential and Highly Confidential |

| PARAGRAPH | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| 7(b)(iii) (cont'd) | | Information in this litigation. It would be inappropriate and potentially damaging to a Defendant to allow competitors to access its protected information through experts affiliated with such competitors. Defendants' proposal is limited in both time and scope, as it would not limit a party's ability to retain an academic expert or retired employee of a crop inputs industry competitor as an expert (subject to the limits on consultants that are also contractors for competitors), leaving a wide variety of possible experts available for retention. |

WEIL:\98231516\2\22003.0019

| PARAGRAPH | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| 17(a)(2)a | **Return of Clawed Back Documents.** If a Producing Party requests the return of such Disclosed Protected Information then in the custody of one or more Parties, the Receiving Party or Parties shall —*unless it contests the claim of privilege*— within 10 business days of receipt of written notice (i) destroy the Disclosed Protected Information and all Copies thereof, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been destroyed. (Italicized portion in dispute).<br><br>**Reasoning:** If Plaintiffs seek to challenge a claim of privilege for a clawback, they intend to retain the document for purposes of bringing that information to the Court pursuant to Fed. R. Civ. P. 26(b)(5)(B), which provides that a party "may promptly present the information to the court under seal for a determination of the claim." To the extent Defendants rely on the Form Patent Protective Order in the Local Rules, Plaintiffs would assert that this is not a patent case and the provisions requiring destruction should not apply here. | **Return of Clawed Back Documents.** If a Producing Party requests the return of such Disclosed Protected Information then in the custody of one or more Parties, the Receiving Party or Parties shall within five business days of receipt of written notice (i) destroy the Disclosed Protected Information and all Copies thereof, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been destroyed.<br><br>**Reasoning:** Defendants' position is that a Receiving Party should destroy a document promptly upon receiving the clawback request and the contents of the document cannot be used to challenge the privilege assertion. This position is consistent with the Form Protective Order in this District for patent cases (instructive because patent cases also contemplate the sharing of highly sensitive information) which similarly requires that inadvertently produced documents be returned, allowing the challenging party to later seek reproduction. *See* EDMO Local Rules, Stipulation for Protective Order, Appendix A, ¶ 10. This position is also consistent with Rule 26(b)(5). Courts regularly enter protective orders requiring the receiving party to return inadvertently produced documents and challenge a privilege assertion based only on information contained in the privilege. *See, e.g., Rasnic v. FCA US LLC*, No. 17-2064-KHV-GEB, 2018 WL 780556, at *3 (D. Kan. Feb. 8, 2018). Defendants' proposal simply returns the parties to the |

| PARAGRAPH | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| 17(a)(2)a (cont'd) | | positions they would have held while litigating a claim of privilege had no inadvertent disclosure occurred. |
| 17(a)(2)b | **Challenging a Clawback.** If a Party seeks to challenge a Producing Party's assertion of privilege, including of a clawed back document, that Party shall notify the Producing Party or Non-Party that it wishes to challenge the claim of privilege. The Parties agree to meet and confer regarding the claim of privilege within five business days after receipt of the privilege log explaining the basis for the assertion of privilege for the clawback. If, at the conclusion of the meet and confer process, the Parties are still not in agreement, the Party challenging the privilege designation may move the Court for an Order compelling disclosure of the Disclosed Protected Information *(a "Disclosure Motion"). Pending resolution of the Disclosure Motion, the Receiving Party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law. If the Court denies the Disclosure Motion for any Disclosed Protected Information, the Receiving Party must destroy all sequestered copies thereof.* | **Challenging a Clawback.** If a Party seeks to challenge a Producing Party's assertion of privilege, including of a clawed back document, that Party shall notify the Producing Party or Non-Party that it wishes to challenge the claim of privilege. The Parties agree to meet and confer regarding the claim of privilege within five business days after receipt of the privilege log explaining the basis for the assertion of privilege for the clawback. If, at the conclusion of the meet and confer process, the Parties are still not in agreement, the Party challenging the privilege designation may move the Court for an Order compelling disclosure of the Disclosed Protected Information. A Party challenging a privilege designation may do so only in accordance with the provisions of Federal Rule of Civil Procedure 26(b)(5)(B).<br><br>\*\*\*<br><br>**Reasoning:** Defendants' proposal is supported by the same reasons stated above. |

| PARAGRAPH | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| 17(a)(2)b (cont'd) | **Reasoning:** As described above in paragraph 17(a)(2)a, Rule 26(b)(5)(B) recognizes the Receiving Party's ability to retain the challenged information until there is a resolution regarding the claim of privilege. Plaintiffs' proposal includes a mechanism (the Disclosure Motion) which would allow Plaintiffs to retain the challenged information until the challenge is resolved, but also provide an assurance to the Designated Party that the information will be sequestered and protected from further dissemination until resolution. To the extent Defendants rely on the Form Patent Protective Order in the Local Rules, Plaintiffs would assert that this is not a patent case and the provisions requiring destruction should not apply here. | |