UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: CROP INPUTS ANTITRUST LITIGATION | ) ) ) ) ) | 4:21-MD-2993-SEP<br><br>MDL No. 2993 |
| ALL CASES | ) | |

**DEFENDANT FEDERATED CO-OPERATIVES LIMITED'S
MEMORANDUM IN SUPPORT OF 12(B)(2) MOTION TO DISMISS
THE CONSOLIDATED CLASS ACTION COMPLAINT**

Federated Co-operatives Limited ("FCL"), a Canadian federated cooperative that Plaintiffs fail to allege has any contacts with the United States, moves pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2) to dismiss the Consolidated Amended Class Action Complaint (the "Complaint") on the ground that this Court lacks personal jurisdiction over it.[1]

## I.   INTRODUCTION

Plaintiffs allege that Defendants, including FCL, conspired to exclude certain electronic crop inputs sales platforms from successfully entering an alleged United States crop inputs market. Their Consolidated Amended Class Action Complaint, like its predecessors, is devoid of allegations that FCL has any contacts with the United States, let alone sufficient contacts for the constitutional exercise of personal jurisdiction over FCL. Indeed, the only factual allegations against FCL—as opposed to conclusory allegations lodged against Defendants generally—pertain explicitly to alleged conduct in *Canada*.

These allegations fall far short of those required for Plaintiffs to satisfy "the burden of showing that jurisdiction exists." *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607,

---

[1] FCL also joins in Defendants' Joint Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint under FRCP 12(b)(6).  ECF 141–42.

611 (8th Cir. 1998). It is black letter law that plaintiffs have the burden to show that it is appropriate for the court to exercise personal jurisdiction over *each* defendant. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (personal jurisdiction requirements "must be met as to each defendant") (citation omitted). Merely asserting a defendant has harmed a plaintiff cannot suffice where the defendant has insufficient contacts with the forum in which it has been sued. *Lyons v. Philip Morris Inc.*, 225 F.3d 909, 915 (8th Cir. 2000) (no jurisdiction over foreign defendant that "lacked the minimum contacts with the forum"). Moreover, a plaintiff cannot avoid its burden to properly plead personal jurisdiction over each defendant by making a conclusory allegation that a defendant participated in a conspiracy. *Id.* ("conclusory assertion[]" that defendant participated in RICO conspiracy insufficient for exercise of personal jurisdiction).

When from "even a liberal reading of the Complaint, it appears that [a] defendant[] has absolutely no contact[] with [the forum]"—including because "[t]here are no indications that [it] ha[s] done business . . . or . . . engaged in any other activity within [the forum]"—the Constitution forbids the exercise of personal jurisdiction. *Eveland v. Dir. of CIA*, 843 F.2d 46, 50 (1st Cir. 1988). There is no allegation in the Complaint that FCL sold any crop inputs or otherwise did any business in the United States that would support this Court's exercise of personal jurisdiction over it.

The shortcomings of Plaintiffs' Complaint themselves are a sufficient basis for dismissal. To confirm FCL's Canadian citizenship and operations, FCL also submits the Declaration of Anthony Van Burgsteden, Vice-President, Finance at FCL, and accompanying exhibit. FCL is a Canadian cooperative federation—incorporated, registered, and headquartered in Canada. Decl. ¶ 3. FCL provides procurement and distribution services for crop inputs, among other things, to

independent Canadian retailing cooperatives.  *Id.* ¶¶ 2, 5.  These Canadian retailing cooperatives are FCL's sole customers and member-owners.  *Id.*

FCL has no properties, mailing address, employees, or directors or officers in the United States.  *Id.* ¶ 3.  FCL has no parent or subsidiary companies, affiliates, or joint ventures in the United States, and is neither registered to do business nor has any agent for service of process in the United States.  *Id.*  FCL sells no crop inputs into the United States.  *Id.* ¶ 4.  All crop inputs products that FCL provides to its member retailing cooperatives are registered for sale in Canada.  *Id.* ¶ 6.

Accordingly, the Court should grant FCL's motion to dismiss for lack of personal jurisdiction, with prejudice.

**II.   BACKGROUND**

Plaintiffs filed their first complaint against FCL at the very beginning of this year, on January 8, 2021.  Subsequently, over the following months, approximately 28 other complaints were served in various federal courts across the country—principally in the Southern District of Illinois and the District of Minnesota.  These included Consolidated Amended Complaints filed in those courts in February and April 2021.  All those complaints named FCL along with other Defendants, and all alleged the same purported conspiracy to boycott electronic sales platforms for crop inputs in the United States.

On May 5, FCL served Plaintiffs in both Illinois and Minnesota with motions to dismiss for lack of personal jurisdiction.  In those motions, FCL made clear—as here—that Plaintiffs had not alleged any facts that would make personal jurisdiction proper over FCL in the United States. Plaintiffs were aware of the personal jurisdiction deficiencies of their pleadings for months before filing their Consolidated Amended Class Action Complaint (the "Complaint") in this

Court on September 17, 2021. Yet Plaintiffs did not add a single jurisdictional allegation to this latest Complaint that ties FCL to any conduct in the United States.

There are no allegations that FCL sells crop inputs or does any business in the United States, let alone in Missouri. Indeed, Plaintiffs allege the corporate citizenship of every other Defendant, but conspicuously fail to allege FCL's Canadian citizenship—although they certainly know it. *See* Compl. ¶¶ 49–64, 65. The Complaint does not allege that any Plaintiff ever transacted business with FCL. The only factual allegations against FCL—as opposed to conclusory allegations lodged against Defendants generally—pertain to alleged conduct in *Canada* (emphases added throughout)*:*

1. FCL's conduct vis-à-vis its competitor Farmer's Business Network ("FBN") in *Canada* is the subject of an investigation by the "*Canadian* Competition Bureau" into whether FCL's conduct is reviewable under the *Canadian* Competition Act about alleged anticompetitive conduct in the "*Canadian* Crop Inputs Market." *Id.* ¶¶ 65, 117.

2. After FBN acquired a *"Canada-based* retailer," FCL "warned [FBN] would upend [existing] business models, writing, 'How our key manufacturing partners decide to engage with this business will be closely observed by us and likely all of our traditional retailing peers across *Western Canada*.'" *Id.* ¶¶ 104, 264(b).

The Complaint contains *no* specific jurisdictional allegations against FCL that tie it in any way to the United States. Rather, Plaintiffs generically claim that the court "has personal jurisdiction over each Defendant" because "throughout the United States, including in this District," "each Defendant": (a) "transacted business"; (b) "manufactured, shipped, sold, and/or delivered substantial quantities of Crop Inputs"; (c) "had substantial contacts"; and/or (d)

engaged "in an antitrust conspiracy" that caused injury, and further that defendants' conduct "was within the flow of, was intended to, and did have direct, substantial, and reasonably foreseeable effects on the foreign and interstate commerce of the United States." *Id.* ¶¶ 16–17. But there are no allegations against FCL in Plaintiffs' Complaint that support any of these boilerplate contentions and, as set forth above, they are unsupportable.

### III.    LEGAL STANDARD

FRCP 12(b)(2) authorizes a defendant to seek dismissal of an action for lack of personal jurisdiction. "When personal jurisdiction is challenged, the plaintiff has the burden of showing that jurisdiction exists." *Guinness*, 153 F.3d at 611. The court may consider written materials in resolving the motion. *See Lyons*, 225 F.3d at 915.

To satisfy constitutional due process for the exercise of personal jurisdiction over a defendant, a plaintiff must show that the defendant has "certain minimum contacts with [the forum] such that the [exercise of personal jurisdiction over the defendant] does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (citation omitted). In suits involving multiple defendants, "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984). "Collective allegations regarding the contacts of 'Defendants' are insufficient to establish personal jurisdiction over an individual defendant." *Hakkasan LV, LLC v. Adamczyk*, 2017 WL 1549508, at *4 (D. Nev. Apr. 5, 2017). And "speculative and conclusory assertions about [the defendant's] contacts with the forum state" will not suffice. *Steinbuch v. Cutler*, 518 F.3d 580, 590 (8th Cir. 2008) (denying discovery into personal jurisdiction issues of a United States company based on only conclusory allegations that jurisdiction was proper). This is true even where a conspiracy is alleged. *See Lyons*, 225 F.3d at 915.

Personal jurisdiction can be either "general" or "specific." "General jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Lakin v. Prudential Secs., Inc.*, 348 F.3d 704,707 (8th Cir. 2003) (citation omitted). "Specific jurisdiction," on the other hand, "refers to jurisdiction over causes of action that 'arise out of' or 'relate to' a defendant's activities within a state." *Id.*

In conducting a specific jurisdiction analysis, the Eighth Circuit considers five factors to determine "whether asserting personal jurisdiction over a party comports with due process." *Eagle Tech. v. Expander Ams., Inc.*, 783 F.3d 1131, 1136 (8th Cir. 2015). These are: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) [the state's] interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Id.* (citation omitted). The Eighth Circuit gives especially "significant weight to the first three factors." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014). The Supreme Court also has emphasized that the "principal inquiry" must be "whether the defendant's activities manifest an intention to submit to the power of [the United States] a[s] sovereign." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011). Further, the "primary concern" must be "the burden on the defendant"—not the plaintiff—as the plaintiff can select the forum in which to initiate his suit. *Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1776 (2017) (citation omitted).

**IV.   ARGUMENT**

    **A.   FCL Is Not Subject to General Jurisdiction**

FCL plainly is not subject to general jurisdiction in the United States. General jurisdiction only exists in a forum where a defendant is "essentially at home," the paradigmatic

examples of which are the defendant's "domicile, place of incorporation, and principal place of business." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919, 924 (2011). Plaintiffs offer no allegation that does or could support general jurisdiction over FCL. FCL is incorporated as a cooperative federation in Canada, its principal place of business is Canada, and all of its customers and member-owner retailing cooperatives are in Canada. Decl. ¶¶ 2, 3. Plaintiffs do not—because they cannot—allege otherwise. Accordingly, general jurisdiction cannot be exercised over FCL in the United States.

  **B.**  **FCL Is Not Subject to Specific Jurisdiction**

FCL also is not subject to specific jurisdiction in the United States. Exercising specific jurisdiction over FCL would be inappropriate under each of the determinative factors considered in the Eighth Circuit.

    *a)*  *Quantity of Contacts*

Beginning with the second factor, Plaintiffs fail to allege that FCL has *any* contacts with the United States, let alone a significant quantity of contacts. They do so even while eliding the fact that FCL is a *Canadian* cooperative, despite their knowledge of this fact. *See* Compl. ¶ 65. But by doing no crop inputs business in the United States, having no affiliated entities in the United States, and having no properties or personnel in the United States, it is clear that FCL has not manifested "an intention to submit to the power of [the United States] a[s] sovereign." *Nicastro*, 564 U.S. at 882.

Plaintiffs evidently hope the Court will overlook these omissions. It should not. Plaintiffs bear the burden of proving that personal jurisdiction exists over FCL *specifically*, and no boilerplate, generic allegations against other Defendants can relieve Plaintiffs of this burden. *Keeton*, 465 U.S. at 781 n.13; *Lyons*, 225 F.3d at 915. And without any specific, factual

allegations that FCL has any connection to the United States, this Court cannot exercise jurisdiction over it.

### b)  Nature and Quality of Contacts

Because Plaintiffs have failed to allege that FCL has any contacts with the United States, this factor necessarily favors dismissal. If there were any doubt, the Eighth Circuit repeatedly has declined to exercise personal jurisdiction over defendants that had much more extensive contacts with the forum in question than does FCL in this case. For example, in *Lyons*, the Eighth Circuit found there to be no personal jurisdiction over a foreign defendant even though its subsidiaries operated in the United States because the defendant itself "has not manufactured, marketed, sold, or distributed . . . products and has conducted no business" in the forum. 225 F.3d at 915. In *Guinness*, the Eighth Circuit found there to be no personal jurisdiction over a defendant that had sold products to a distributor and importer knowing that they would be resold in the forum because the defendant itself was not "licensed to do business," did not "maintain[] a bank account, phone number or mailing address," did not "own[] property," and did not "maintain[] any employees or agents for service of process" in the forum. 153 F.3d at 614–15. And in *Austad Co. v. Pennie & Edmonds*, the Eighth Circuit found there to be no personal jurisdiction over a defendant that had visited, called, mailed monthly billings to, and used bank and courier services in a forum because it did "not maintain an office," had no employees, and "never advertised or solicited business" in forum. 823 F.2d 223, 226–27 (8th Cir. 1987).

There is no dispute—and no allegation to the contrary asserted—that FCL "has not manufactured, marketed, sold, or distributed . . . products and has conducted no" crop inputs "business" in the United States, and does not even have any United States subsidiaries or affiliates of any kind. *See Lyons*, 225 F.3d at 915. FCL is not "licensed to do business," does not "maintain[] a bank account, phone number or mailing address," does not "own[] property," and

does not "maintain[] any employees or agents for service of process" in the United States, and it only sells crop inputs products to its customer and member-owner Canadian retailing cooperatives. *See Guinness*, 153 F.3d at 611, 614–15. And FCL does "not maintain an office," has no employees, has "never advertised or solicited business," or used courier services in the United States. *See Austad*, 823 F.2d at 226–27. To exercise personal jurisdiction over FCL therefore would fly in the face of binding Eighth Circuit precedent.

        *c)*        *Relationship Between Contacts and Causes of Action*

As noted above, none of Plaintiffs' allegations against FCL links FCL to the United States. At best, Plaintiffs accuse FCL of being investigated for purported "anticompetitive conduct in [a putative] *Canadian* Crop Inputs market." *See* Compl. ¶¶ 56, 65, 117 (emphasis added). But an investigation (let alone an indictment or conviction) by the *Canadian* government into actions taken by *Canadian* entities regarding competition in a *Canadian* marketplace cannot possibly create personal jurisdiction in the United States. *In re Chocolate Confectionary Antitrust Litig.*, 801 F.3d 383, 403 (3d Cir. 2015) (an alleged "conspiracy elsewhere, without more, generally does not tend to prove a domestic conspiracy"). Rather, "[f]or purposes of specific personal jurisdiction . . . Plaintiffs must explain how the claims brought relate to the contacts alleged." *Brown v. Kerkhoff*, 504 F. Supp. 2d 464, 511 (S.D. Iowa 2007) (citing cases). Here, the crux of Plaintiffs' Complaint is the conclusory allegation that Defendants engaged in anticompetitive conduct in an alleged *United States* crop inputs market. But the Complaint fails to identify any relationship between FCL's "contacts" with the United States and Plaintiffs' causes of action, as indeed, no such contacts exist.

        *d)*        *Forum's Interest*

"Restrictions on personal jurisdiction 'are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the

power'" of distinct sovereigns. *Bristol-Myers*, 137 S. Ct. at 1780. Thus, the Supreme Court has stated explicitly that in cases involving foreign defendants, courts must consider those "other *nations* whose interests are affected by the assertion of jurisdiction." *Asahi Metal Indus. Co. v. Super Ct.*, 480 U.S. 102, 115 (1987). Given that FCL operates its crop inputs business exclusively in Canada and Plaintiffs have failed to allege that FCL has any contacts with the United States, it would be inappropriate for this Court to exercise personal jurisdiction over FCL.

### e) Convenience of Parties

The "*primary* concern" of a court in conducting a personal jurisdiction analysis must be "the burden on the *defendant*." *Bristol-Myers*, 137 S. Ct. at 1776 (emphasis added). It certainly would be highly burdensome for FCL to have to defend itself in court in the United States where it has no properties, employees, parent or subsidiary companies, agents for service of process, or business operations generally. *See* Decl. ¶¶ 3, 4. This inconvenience will only grow the longer that FCL remains in this case.

Each of the factors considered by the Eighth Circuit and the Supreme Court thus militates against the exercise of personal jurisdiction over FCL.

### C. There is No Personal Jurisdiction Under RICO

The personal jurisdiction defects in the Complaint undermine Plaintiffs' RICO claim as well. To invoke personal jurisdiction under the civil RICO statute, 18 U.S.C. § 1965, Plaintiffs still must show that FCL has "sufficient minimum contacts with the United States." *Tsai v. Karlik*, 2014 WL 3687201, at *1 (E.D. Mo. July 24, 2014) (citation omitted); *see also Starks v. Rent-A-Ctr.*, 1994 WL 577974, at *8 (D. Minn. May 16, 1990) (same). Personal jurisdiction, after all, is a *constitutional* requirement that cannot be dispensed with merely by asserting a claim under a particular federal statute. *Accord Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir.

2006) (long-arm statutes can provide for the exercise of personal jurisdiction at best "coextensive with"—but not greater than—"constitutional limits").

In addition, it is not enough for plaintiffs to sue one or more defendants that are subject to personal jurisdiction in the United States, and simply to allege that a foreign defendant has conspired with them. Rather, even for RICO claims, "[e]ach defendant's contacts must be considered separately." *Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*, 757 F. Supp. 2d 904, 913 (W.D. Mo. 2010) (citing *Keeton*, 465 U.S. at 781–82 n.13). In fact, plaintiffs must show that "'the ends of justice' *require*" summoning nonresident defendants. *E&M Props., Inc. v. Razorgator, Inc.*, 2008 WL 1837261, at *7 (E.D. Mich. Apr. 23, 2008) (emphasis added).

As discussed above, Plaintiffs have not alleged that FCL has any contacts with the United States, let alone sufficient contacts for the exercise of personal jurisdiction over FCL. Plaintiffs' unsupported conspiracy assertions cannot overcome this deficiency. Once again, courts repeatedly have found there to be no personal jurisdiction over defendants who were alleged to have engaged in conspiracies even when those defendants had greater contacts with the forum in question than does FCL with the United States. *See, e.g.*, *Hallmark*, 757 F. Supp. 2d at 911–14 (no jurisdiction under Section 1965 over defendants "not alleged to have had any contact, much less the necessary minimum contacts, with this forum" even though they were alleged, with supporting facts, to have been part of the conspiracy); *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1233 (10th Cir. 2006) (no jurisdiction under Section 1965 over two defendants who had "limited contact" (but not no contact) with forum); *Kerkhoff*, 504 F. Supp. 2d at 495–97, 510–12 (similar); *see also Sumpter v. Am. Tobacco Co.*, 2000 WL 1449851, at *14 (S.D. Ind. May 4, 2000) (no jurisdiction over defendant against whom conspiracy was alleged even though defendant's allegedly misleading advertisement was published in newspapers in the forum).

Finally, to even invoke Section 1965, Plaintiffs must properly plead a RICO claim. *Rolls-Royce Corp. v. Alcor Engine Co.*, 2007 WL 1021450, at *8 (S.D. Ind. Mar. 29, 2007) (no jurisdiction over California defendant under Section 1965 because plaintiff "has not properly pled a RICO claim"); *E&M*, 2008 WL 1837261, at *7–8 ("To assert personal jurisdiction . . . based on inadequately pleaded RICO claims, would not serve 'the ends of justice.'"). For the reasons set forth in Defendants' joint motion to dismiss under FRCP 12(b)(6), ECF 141–42, Plaintiffs have failed to properly plead a RICO claim. This is especially so regarding FCL, against whom no connection to the United States is alleged.

**D.      State Law Statutes Cannot Establish Personal Jurisdiction Over FCL**

Because FCL's lack of contacts with the United States necessarily includes a lack of contacts with all individual states, and because even the broadest state long-arm statutes must comport with minimum constitutional requirements, this Court lacks personal jurisdiction over FCL for Plaintiffs' state law claims for the same reasons that it does for Plaintiffs' federal claims. *See Woodcock*, 444 F.3d at 955. This motion therefore does not discuss Plaintiffs' state law claims separately from their federal claims.

**CONCLUSION**

The case for dismissal based on lack of personal jurisdiction is clear: Plaintiffs' Complaint on its face fails to allege facts that would satisfy Plaintiffs' burden to establish personal jurisdiction over FCL. This deficiency itself warrants dismissal, particularly when Plaintiffs have had multiple opportunities to amend their pleadings after direct awareness of this barrier issue. FCL has demonstrated that it does not do any crop inputs business in the United States, has no employees or assets in the United States, and has no "contacts" with the United States that would make the exercise of personal jurisdiction over it by this Court proper. Rather, FCL is a Canadian federated cooperative selling crop inputs exclusively to its Canadian customer

and member-owner retailing cooperatives.  FCL therefore respectfully requests that this Court dismiss Plaintiffs' Complaint against FCL for lack of personal jurisdiction, with prejudice.

Dated: November 10, 2021

Respectfully submitted,

By: *Michael L. McCluggage*
Michael L. McCluggage
Barack S. Echols
EIMER STAHL LLP
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Tel.: 312-660-7600
Fax: 312-692-1718
mmccluggage@eimerstahl.com
bechols@eimersthal.com

Collin J. Vierra (*admission forthcoming*)
EIMER STAHL LLP
99 South Almaden Boulevard
San Jose, California  95113
Tel.: 669-231-8755
Fax: 312-692-1718
cvierra@eimerstahl.com

*Attorneys for Defendant Federated Co-operatives Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November 2021, I filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

    *Michael L. McCluggage*
Michael L. McCluggage
Barack S. Echols
EIMER STAHL LLP
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Tel.: 312-660-7600
Fax: 312-692-1718
mmccluggage@eimerstahl.com
bechols@eimersthal.com

Collin J. Vierra (*admission forthcoming*)
EIMER STAHL LLP
99 South Almaden Boulevard
San Jose, California  95113
Tel.: 669-231-8755
Fax: 312-692-1718
cvierra@eimerstahl.com

*Attorneys for Defendant Federated Co-operatives Limited*