**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: CROP INPUTS ANTITRUST LITIGATION <br><br> This Document Relates to: <br><br> ALL CASES | Case No. 4:21-md-02993-SEP <br><br> MDL No. 2993 |

# STIPULATED PROTECTIVE ORDER

Pursuant to the stipulation of the undersigned parties, the following Order shall govern the treatment of documents and information produced as discovery in connection with all cases in the above-captioned litigation (collectively, the "**Litigation**"):

1. **Scope.** This Order shall apply to all documents and other information produced or disclosed in the course of discovery in the Litigation, regardless of the medium or manner generated, stored, maintained, or revealed, and information derived directly therefrom, including, but not limited to, electronically stored information, transcripts of deposition or hearing testimony, responses to interrogatories, requests for admission, or other written responses to discovery (hereinafter collectively "**Discovery Material**").

   This Order shall apply to any named party to this Litigation (including, as to any corporate party, all its officers, directors, employees, retained experts, outside counsel, and support staff) ("**Party**") and any non-party who produces or receives Discovery Material in connection with the Litigation ("**Non-Party**"). This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure.

   "**Producing Party**" means the Party or Non-Party that produces Discovery Material in the Litigation. "**Designating Party**" means the Party or Non-Party who designated the information "Confidential Information," "Highly Confidential Information," or "Foreign Confidential Personal Data" under this Order. The Producing Party need not be the Designating Party.

2. **Confidential Information.** As used in this Order, "**Confidential Information**" means any Discovery Material, or any portion thereof, which contains confidential or proprietary business, commercial, research, personal, product or financial content.

   Confidential Information may fall within one or more of the following categories: (a) information prohibited from disclosure by statute or contractual agreement; (b) information that reveals trade secrets, proprietary information, or other confidential or

sensitive business information that the Designating Party maintains as non-public for competitive purposes; (c) research, technical, commercial, or financial information that the Designating Party has maintained as confidential; (d) medical information concerning any individual; (e) private personally identifying information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (g) information subject to foreign data protection or privacy laws.

3. **Highly Confidential Information.** As used in this Order, **"Highly Confidential Information"** means any Discovery Material, or any portion thereof, which is Confidential Information and which a Designating Party believes to be so highly sensitive that: (a) it is the subject of reasonable efforts to maintain its secrecy; (b) it is sufficiently valuable and secret to afford a potential or actual advantage over others; or (c) its disclosure to existing or potential competitors is likely to cause injury to the business, commercial, competitive, or financial interests of the Designating Party.

    By way of example only, Highly Confidential Information may include, but is not limited to: (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices; (c) research and development information; (d) manufacturing know-how or technology; (e) board of directors materials and presentations; (f) negotiation strategies; (g) proprietary software, systems, or processes; (h) margin, cost, and pricing information; (i) intellectual property; or (j) analysis of potential acquisitions, joint ventures, or similar corporate activity.

4. **Foreign Confidential Personal Data.** As used in this Order, "**Foreign Confidential Personal Data**" means any data subject to foreign data protection laws (hereinafter collectively referred to as "**Foreign Data Protection Laws**"), such as for example Regulation (EU) 2016/679, Apr. 27, 2016, 2016 O.J. (L119), also known as the EU General Data Protection Regulation, and other applicable laws.

5. **Designation.**

    **(a)** Any Party or Non-Party may designate information that is produced as Discovery Material as Confidential or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN CROP INPUTS, MDL NO. 2993," or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN CROP INPUTS, MDL NO. 2993" on the document and on all Copies in a manner that will not interfere with the legibility of the document. A Party or Non-Party may also designate as Foreign Confidential Personal Data (regardless of whether the document is also Confidential or Highly Confidential) any personal information the Party or Non-Party believes in good faith relates to an identifiable natural person subject to protection under Foreign Data Protection Laws by placing or affixing the words "FOREIGN CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN CROP INPUTS, MDL NO. 2993." Discovery Material designated as Confidential or Highly Confidential Information, or Foreign Confidential Personal

Data, subject to this Order, is hereinafter collectively referred to as "**Designated Information**." To the extent a document is produced in a form in which placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN CROP INPUTS, MDL NO. 2993," "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN CROP INPUTS, MDL NO. 2993," or "FOREIGN CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN CROP INPUTS, MDL NO. 2993" on the document is not practicable, a Designating Party may designate the document as Confidential, Highly Confidential, or Foreign Confidential Personal Data by cover letter, slip sheet, or by affixing a label to the production media containing the document. For electronically stored information produced in native format, designation may be made in a produced metadata field. Whenever any Party receives information produced in native format that has been designated as Designated Information, if such Party reduces such material to hardcopy form for any purpose other than short-term personal review (after which such hardcopy form of the document shall be destroyed), that Party shall mark the hardcopy form with the appropriate confidentiality designation. As used in this Order, "**Copies**" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Designated Information. To the extent practicable and subject to Paragraph 8 below, the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN CROP INPUTS, MDL NO. 2993," "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN CROP INPUTS, MDL NO. 2993," or "FOREIGN CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN CROP INPUTS, MDL NO. 2993" shall be applied prior to or at the time the Discovery Material is produced or disclosed. Applying such marking to Discovery Material does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any Copies that are made of any information marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN CROP INPUTS, MDL NO. 2993," "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN CROP INPUTS, MDL NO. 2993," or "FOREIGN CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN CROP INPUTS, MDL NO. 2993" shall also be so marked except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of documents designated as Designated Information and do not otherwise disclose the substance of the Designated Information are not required to be marked.

6. **Depositions**. Unless all Parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this Litigation shall be treated as Highly Confidential Information for a period of 21 days after the final transcript and completed errata is delivered to the Party or Non-Party being deposed. No later than the 21st day after the final transcript and completed errata are delivered to a Party or Non-Party seeking to designate testimony as Designated Information, the Party or Non-Party seeking to protect any portion of a transcript under this Order may serve a Notice of Designation to all Parties of record and the court reporter for the deposition in question as to specific pages and lines of the transcript that are designated as Designated Information, and thereafter only those portions identified in the Notice of Designation shall be protected

by the terms of this Order. The court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential Information, or Foreign Confidential Personal Data, in the lower left-hand corner of each designated page. The final copy should also include a cover page on which it is reflected prominently that the final copy of the transcript is subject to this Order and includes Designated Information.

**7.    Protection of Designated Information.**

    **(a)    General Protections.** Discovery Material shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than the prosecution or defense of claims in, or the settlement of, this Litigation, including any appeal thereof. Nothing in this Order, however, shall prevent or prejudice any Party or Non-Party designating Discovery Material as Designated Information from using its own such designated documents for any purpose (provided such use preserves the confidentiality of the material), including privately disclosing its own Designated Information to others not referenced in this Paragraph 7, and such private disclosure shall not waive the protections of this Order. However, a Party's disclosure of its own Designated Information to a witness in this Litigation who would not otherwise be covered by Paragraph 7(b) can constitute waiver of Designated Information status for that Discovery Material.

    **(b)    Limited Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Designated Information to any person or entity except as set forth below.

        (i)    Confidential Information and Foreign Confidential Personal Data may be disclosed to the following categories of persons:

            (1)    Outside or in-house counsel for the Parties and employees of such counsel who have responsibility for the preparation, trial, or resolution of this Litigation;

            (2)    Individual Parties and employees of a Party, but only to the extent counsel has a good faith basis for believing that such individual Party or employee sent or received the Confidential Information or Foreign Confidential Personal Data, or to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the Litigation;

            (3)    The Court and its personnel, and any mediators (and staff) appointed by the Parties to assist in alternative dispute resolution of this Litigation;

            (4)    Court Reporters, videographers, and their staff engaged for depositions in this Litigation;

(5) Contractors specifically engaged for the limited purpose of supporting this Litigation, including, but not limited to, copy and e-Discovery vendors and trial and jury consultants;

(6) Investigators or experts employed by the Parties or counsel for the Parties solely to assist in the preparation and trial of this Litigation;

(7) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(8) Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the person has knowledge; disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced;

(9) At deposition or trial, with respect to witnesses to whom disclosure is reasonable because counsel for the Party or Non-Party intending to disclose the Confidential Information or Foreign Confidential Personal Data has a good faith basis for believing such witness (a) is the author or recipient of the document; (b) is referenced in the document; or (c) has personal knowledge as to the contents of the document. Witnesses shall not retain a copy of documents containing Confidential Information or Foreign Confidential Personal Data, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; and Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

(ii) Highly Confidential Information may be disclosed to the following categories of persons:

(1) Outside counsel for the Parties and employees of such counsel who have responsibility for this Litigation, provided that such individuals do not regularly participate in the commercial business activities of the Party;

(2) The Court and its personnel, and any mediators (and staff) appointed by the Parties to assist with alternative dispute resolution;

(3)     Court reporters, videographers and their staff engaged for depositions in this Litigation;

(4)     Contractors specifically engaged for the limited purpose of supporting this Litigation, including (but not limited to) copy and e-Discovery vendors and trial and jury consultants;

(5)     Investigators or experts employed by the Parties or counsel for the Parties solely to assist in the preparation and trial of this Litigation;

(6)     The author or recipient of the documents (not including a person who received the document in the course of the litigation);

(7)     Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications or data about which the person has knowledge; disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and

(8)     At deposition or trial, with respect to witnesses to whom disclosure is reasonable because counsel for the Party or Non-Party intending to disclose the information has a good faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness has knowledge. Before disclosing any document pursuant to this paragraph, counsel who intends to disclose the document must first notify counsel for the designating party of their intent to do so. At depositions, trial or hearings, such notice may be accomplished by presenting a copy of the Highly Confidential Information to counsel for the designating party and permitting counsel an opportunity to object before the document is shown to the witness. Until the Designating Party agrees to the disclosure, Highly Confidential Information shall not be disclosed to or discussed with any witness. Witnesses shall not retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

(9)     Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

Each person who is to receive Designated Information pursuant to Paragraphs

       7(b)(i)(5)-(6) and 7(b)(ii)(4)-(5) above shall execute an "Acknowledgement and Agreement to be Bound" in the form attached as Exhibit A. Facsimile signatures or signatures transferred in electronic format (*e.g.*, PDF) shall be treated as original signatures for purposes of this Order.

**(c)** **High-Level Summaries.** Notwithstanding the provisions of this Order, outside counsel for a Party that is a corporation or other type of business entity may provide high level summaries or characterizations of the evidence in this Litigation to individuals employed by the Party who have responsibility to make decisions regarding the defense or settlement of this Litigation. These high-level summaries or characterizations shall not disclose the precise contents of any Designated Information to any person not otherwise authorized under the terms of this Order to receive it. Nothing in this Order is intended to bar or otherwise prevent any counsel from rendering advice to his or her client with respect to this Litigation and, while rendering such advice, from relying upon his or her examination or knowledge of Designated Information.

**(d)** **Data Security.** Anyone receiving Discovery Material ("**Receiving Party**") shall take reasonable efforts to place such materials in a secure area and to prevent unauthorized access, disclosure, or dissemination of Discovery Material. Parties shall exercise at least the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of Discovery Material as is exercised by the recipient with respect to its own information of the same or comparable confidentiality and sensitivity. Parties must take reasonable precautions to protect Discovery Material loss, misuse and unauthorized access, disclosure, and alteration.

**(e)** Discovery Material shall be stored and maintained in a reasonably secure manner using standard industry practices regarding data security so as to avoid unauthorized disclosure.

**(f)** Any Receiving Party's e-Discovery vendor will maintain a list of all individuals provided, or permitted access to Discovery Material hosted on the e-Discovery database, including current and former authorized users of the Receiving Party's litigation support site during the pendency of this matter.

**(g)** **Breach.** In the event a Receiving Party or person in possession of Discovery Material subject to this Order to receive materials experiences a data breach or reasonably believes a breach may have occurred as to any Discovery Material, including actual or suspected unauthorized access, the Receiving Party or authorized recipient shall:

    (1)     Immediately notify the Designating Party of such breach by email.

    (2)     Promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

   (3)  Investigate the breach and take action to address and remedy the breach.

   (4)  Describe the incident and the materials accessed without authorization and provide sufficient information to the Producing Party and Designating Party such that the Designating Party can reasonably ascertain the size and scope of the breach.

   (5)  Take necessary steps to ensure that further breaches will not occur.

 **(h)** The Parties and any other person subject to the terms of this section of the Order agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing this section of the Order.

8. **Inadvertent Failure to Designate.** An inadvertent failure to designate Discovery Material as Designated Information does not, standing alone, waive the right to so designate such Discovery Material. If a Party or Non-Party designates Discovery Material as Designated Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to ensure that the Discovery Material is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Designated Information, even where the failure to so designate was inadvertent and where the material is subsequently designated as Designated Information. If the Receiving Party disagrees with the Designating Party's confidentiality designation(s), the Challenging Party shall follow the procedures in Paragraph 12 herein. The Parties shall treat the Designated Information as protected, to the level requested by the Designating Party, unless and until the Parties agree otherwise or the Court determines the information does not qualify as Designated Information under the terms of this Order.

9. **Filing of Designated Information.** If a Party or Non-Party intends to file a document containing Discovery Material designated as Designated Information with the Court, the Party or Non-Party must do so under seal. This Order grants leave to make such filing under seal in compliance with Local Rule 13.05. Within 15 business days of filing under seal, the Parties shall meet and confer to determine which portions, if any, of the Designated Information shall be redacted in order to adequately but narrowly protect the Designated Information in light of the public interest of accessing court filings. The Party seeking to maintain the Designated Information under seal shall separately file a Motion for Continued Sealing within five business days of the meet and confer.

10. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order and except as set forth in any protocol governing the production of electronically stored information that may be entered in this Litigation, no Party or Non-Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party or Non-Party moves for an order providing such special protection. Nothing in this Order shall prevent a Party or Non-Party from seeking greater or lesser protection with respect to the use of any Designated Information.

**11.** **Challenges to Designations.** The designation of any Discovery Material as Designated Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

    **(a)** **Meet and Confer.** A Party challenging the designation of Designated Information ("**Challenging Party**") must do so in good faith and must begin the process by first requesting in writing that the Designating Party change or remove its confidentiality designation. The Challenging Party and Designating Party shall thereafter confer directly. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated document, to reconsider the designation, and, to explain the basis for the designation or change it. The Designating Party must respond to the challenge within seven business days of the meet and confer.

    **(b)** **Judicial Intervention.** If the meet and confer process does not resolve the issue, the Challenging Party may file and serve a motion that identifies the challenged document and sets forth in detail the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the Designating Party, who shall have the right to respond to any motion filed by a Challenging Party. Until the Court rules on the challenge, all Parties shall continue to treat the Discovery Material as Designated Information under the terms of this Order. As such, any motion challenging a confidentiality designation must not publicly file the Discovery Material with contested designations nor describe them in a manner that would reveal Designated Information.

**12.** **Action by the Court.** Applications to the Court for an order relating to Designated Information shall be by motion. Nothing in this Order or any action or agreement of a Party or Non-Party under this Order limits the Court's power to make orders concerning the disclosure of Discovery Material produced in discovery or at trial.

**13.** **Use of Designated Information at Hearing or Trial.** Nothing in this Order shall be construed to limit the use of any Discovery Material at any trial or hearing provided that the Parties take necessary advance precautions to avoid the public disclosure of Designated Information. A Party or Non-Party that intends to present Designated Information at a hearing or trial shall bring that issue to the Court's attention by motion, by reference in the proposed Final Pretrial Conference Order, or by other pretrial submission. Such submission may not disclose the Designated Information and must be made sufficiently in advance of the proceeding for the Court to implement appropriate protections for the proceeding. Within 21 days after the proceeding's conclusion, the Parties shall meet and confer to determine which portions, if any, of the Designated Information shall be redacted in order to adequately but narrowly protect the Designated Information in light of the public interest of accessing court filings. The Party seeking to maintain the Designated Information under seal shall separately file a Motion for Continued Sealing within ten business days of the meet and confer.

14. **Non-Parties.** In seeking discovery from Non-Parties, the Parties shall attach this Order to a copy of any subpoena or other discovery request. Non-Parties from whom discovery is requested are parties to this Order and are entitled to the protections of, and must comply with the requirements of, this Order in responding to such requests.

15. **Designated Information Subpoenaed or Ordered Produced in Other Litigation or Governmental Investigation.**

    (a)  If a Receiving Party is served with a subpoena, request from a government agency, or an order issued in other litigation that would compel disclosure of any Designated Information, the Receiving Party must so notify the Designating Party or Non-Party, in writing, within five business days after receiving the subpoena, request, or order. Such notification must include a copy of the subpoena, request, or court order.

    (b)  The Receiving Party also must immediately inform the party who caused the subpoena, request, or order to issue that some or all material covered by the subpoena, request, or order is the subject of this Order and provide a copy of this Order to the party in the other action that caused the subpoena, request, or order to issue if requested to do so.

    (c)  The Receiving Party must refrain from producing any Designated Information, unless and until: (a) it obtains consent from the Producing or Designating Party in writing; or (b) by further order of this Court or any other court requiring or allowing production; or (c) the passage of 14 business days from the day the Designating Party was given notice if but only if the Designating Party has not taken affirmative steps to seek protection of the Designated Information. The Receiving Party will not oppose any reasonable procedures pursued by the Producing or Designating Party to protect the confidentiality of Designated Information.

    (d)  The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this Litigation an opportunity to try to protect its Designated Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Designated Information. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court, and the Designating Party or Producing Party shall not unreasonably prevent the Receiving Party's compliance with any subpoena or court order. The obligations set forth in this paragraph remain in effect while a Receiving Party has in its possession, custody, or control Designated Information by a Designating Party in this Litigation.

16. **Unauthorized Disclosure or Use.** If a Party learns that it or its counsel, officers, directors, employees, consultants, experts or other agents have disclosed Designated Information in any circumstance not authorized under this Order, that Party must, within three business days of learning of such disclosure: (a) notify the Producing Party of the disclosure and all

pertinent facts relating thereto; (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information; (c) use reasonable best efforts to retrieve all Copies of the protected documents or other material disclosed to unauthorized persons; (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order; and (e) request that each such person execute the certification contained in Exhibit A to this Order. Nothing contained herein shall limit the right of the Producing or Designating Party to seek relief against the Party responsible for such disclosure.

17. **Limitations on Waiver of Privilege.**

  (a) **Clawback of Privileged Information.** This Order is entered, *inter alia*, pursuant to Federal Rule of Evidence 502(d). If a Party or Non-Party that produces or otherwise discloses information in connection with this Litigation thereafter claims that such information is protected by any privilege or work product protection ("**Disclosed Protected Information**"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding. By entering this Order, the Court intends to provide the maximum protection allowed by Rule 502(d). Nothing in this order or Rule 502(d) shall be meant to limit the Receiving Party's ability to challenge privilege assertions consistent with this Order.

    (1) **Assertion of a Clawback.** Any Producing Party may request, in writing, the destruction of any Disclosed Protected Information by identifying it and stating the basis for withholding such material or information from production. The Producing Party must also provide a privilege log explaining the basis for the assertion of the privilege within 10 business days of asserting a clawback.

    (2) **Clawback Process.** Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of Disclosed Protected Information.

      a. **Return of Clawed Back Documents.** If a Producing Party requests the return of such Disclosed Protected Information then in the custody of one or more Parties, the Receiving Party or Parties shall within five business days of receipt of written notice (i) destroy the Disclosed Protected Information and all Copies thereof, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been destroyed.

      thereof, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been destroyed. (Italicized portion in dispute).

11

    b.    **Challenging a Clawback.** If a Party seeks to challenge a Producing Party's assertion of privilege, including of a clawed back document, that Party shall notify the Producing Party or Non-Party that it wishes to challenge the claim of privilege. The Parties agree to meet and confer regarding the claim of privilege within five business days after receipt of the privilege log explaining the basis for the assertion of privilege for the clawback. If at the conclusion of the meet and confer process, the Parties are still not in agreement the party challenging the privilege designation may move the Court for an Order compelling disclosure of the Disclosed Protected Information. If a Party seeks to challenge a Producing Party's assertion of privilege, including of a clawed back document, that Party shall notify the Producing Party or Non-Party that it wishes to challenge the claim of privilege. The Parties agree to meet and confer regarding the claim of privilege within five business days after receipt of the privilege log explaining the basis for the assertion of privilege for the clawback.

    If, at the conclusion of the meet and confer process, the Parties are still not in agreement, the Party challenging the privilege designation may move the Court for an Order compelling disclosure of the Disclosed Protected Information. *A Party challenging a privilege designation may do so only in accordance with the provisions of Federal Rule of Civil Procedure 26(b)(5)(B).*

    c.    The Parties may stipulate to extend the time period set forth in sub-paragraph (a).

    d.    Disclosed Protected Information that is sought to be clawed back by a Party pursuant to this Order shall not be used as grounds by any Party or Non-Party to argue that any waiver of privilege or protection has occurred by virtue of any production in this Litigation or any other litigation or proceeding.

    e.    The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Disclosed Protected Information.

**(b)**    Where a Party agrees to or is ordered to destroy a clawed back document, the Party must instruct its e-Discovery vendor to delete the document entirely from their e-Discovery database and to delete other Copies of the clawed back document. To the extent that it is not technologically feasible for a Receiving Party to destroy a clawed back document (for example, if the clawed back document is part of a production provided on read-only production media such that the clawed back

       document cannot be destroyed without destroying the entire production media), the Parties will meet and confer as to an acceptable alternative approach.

    **(c)**   **Receiving Party's Obligation.** Without waiving the ability to challenge a clawback under this Order, a Party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the Producing Party within 5 business days of discovery. A Party who is notified or discovers that it may have received a protected document must comply with Federal Rule of Civil Procedure 26(b)(5)(B).

    **(d)**   **Clawback After Disclosure or Use.** Disclosed Protected Information is subject to a clawback regardless of whether a Party disclosed or made use of the Disclosed Protected Information prior to receiving written notice by the Producing Party under Paragraph 17(a)(2)(a) of this Order. If the Producing Party requests return of the Disclosed Protected Information, the Parties shall meet and confer within five business days. If an agreement is not reached, the Party challenging the privilege designation may bring the issue to the Court within ten business days of the meet and confer. Nothing in this Paragraph relieves any Party of its other obligations under Paragraph 17 of this Order.

**18.**   **Obligations on Conclusion of this Litigation.**

    **(a)**   **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after all claims against all Parties have been resolved by a final order or final judgment not subject to further appeal.

    **(b)**   **Obligations at Conclusion of this Litigation.** Unless otherwise agreed to in writing by a Producing Party, within 60 days after all claims against all Parties have been resolved by a final order or final judgment not subject to further appeal in this Litigation, each Party shall certify its destruction of all Designated Information produced by any other Party or Non-Party.

    **(c)**   **Retention of Work Product and Filed Documents.** Notwithstanding the above requirement to destroy documents, counsel may retain (1) email correspondence related to their representation; (2) attorney work product that may incorporate Designated Information so long as that work product is maintained in secured locations subject to security protocols applied in the regular course of business to other matters; and (3) one complete set of: (a) all documents filed with or by the Court, including those filed under seal; (b) all transcripts of depositions, including exhibits; (c) all final expert witness reports and supporting materials disclosed pursuant to Federal Rule of Civil Procedure 26; and (d) all documents subject to a Receiving Party's preservation obligations in any related litigation or investigation. Any retained Designated Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose Designated Information. Nothing in this Order shall be construed to require the destruction or return of Designated Information stored in counsels' archives or disaster recovery media.

     **(d)**    **Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

19. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

20. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Designated Information is entitled to protection under Federal Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue. This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation or arbitration, nor shall this Order imply that material is properly discoverable, relevant, or admissible in this or any other litigation or arbitration. Each Party reserves the right to object to any disclosure of information or production of any Discovery Material that the Party designates pursuant to this Order on any other ground it may deem appropriate. Neither the entry of this Order, nor the designation of any material pursuant to this Order, nor the failure to make such designation, shall constitute evidence with respect to any issue in this or any other litigation or other proceeding. The entry of this Order shall be without prejudice to the rights of the Parties, or any one of them, or of any Non-Party to assert or apply for additional or different protection.

21. **Persons Bound.** This Order shall take effect when entered by the Court and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

22. **Future Parties.** The terms of this Order shall be binding upon all current and future Parties to this Litigation and their counsel; any Party appearing in this Litigation following entry of this Order shall be deemed to have joined this Litigation subject to this Order's provisions.

23. **Defenses Not Affected.** This Order shall not constitute a waiver of: (a) any jurisdictional defenses that may be available; (b) any affirmative defenses under Federal Rule of Civil Procedure 8, any defense listed in Rule 12(b); or otherwise (including but not limited to any defense based on ineffective service); or (c) any other statutory or common law defenses that may be available. Defendants expressly reserve their rights to raise these and any other defenses available to them.

24. **Court Retains Jurisdiction.** The Court retains jurisdiction even after final disposition of this Litigation to enforce this Order by the sanctions set forth in Federal Rule of Civil Procedure 37 and any other sanctions as may be available to the presiding judge, including the power to hold Parties or other violators of this Order in contempt and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate.

25. **Execution.** This Order may be executed in counterparts. This Order shall become effective as a stipulation as among the Parties immediately upon its execution by such Parties.

Stipulated to:

*s/ W. Joseph Bruckner (w/consent)*
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (0147758 MN)
Rebecca A. Peterson (241858 MN)
Robert K. Shelquist (21310x MN)
Brian D. Clark (0390069 MN)
Craig S. Davis (0148192 MN)
100 Washington Avenue So., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
rapeterson@locklaw.com
rkshelquist@locklaw.com
bdclark@locklaw.com
csdavis@locklaw.com

*s/ Michelle Looby (w/consent)*
**GUSTAFSON GLUEK PLLC**
Dan Gustafson (202241 MN)
Michelle Looby (0388166 MN)
Daniel C. Hedlund (258337 MN)
Daniel J. Nordin (0392393 MN)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
mlooby@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

*/s/ Sterling Aldridge*
**BARRETT LAW GROUP, P.A.**
John W. "Don" Barrett (2063 MS)
Sterling Aldridge (104277 MS)
Katherine Barrett Riley (99109 MS)
David McMullan, Jr. (8494 MS)
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com
sstarns@barrettlawgroup.com
kbriley@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

*Plaintiffs' Interim Co-Lead Class Counsel*

/s/ Derek Y. Brandt
Derek Y. Brandt (6228895IL)
Leigh M. Perica (6316856IL)
Connor P. Lemire (704702MA)
**McCUNE WRIGHT AREVALO, LLP**
231 N. Main Street, Suite 20
Edwardsville, IL 62025
Telephone: (618) 307-6116
dyb@mccunewright.com
lmp@mccunewright.com
cpl@mccunewright.com
*Plaintiffs' Liaison Counsel*

*s/ Sharon B. Rosenberg (w/consent)*
**THOMPSON COBURN LLP**
One US Bank Plaza
St. Louis, MO 63101
Telephone: (314) 552-6000
srosenberg@thompsoncoburn.com

*Counsel for Defendants Bayer CropScience*
*LP and Bayer CropScience Inc. and as*
*Defendants' Liaison Counsel*


**SO ORDERED** this 20th day of December, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| IN RE: CROP INPUTS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 4:21-md-02993-SEP<br><br>MDL No. 2993 |

**EXHIBIT A**
**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that they have read the Protective Order in the above-captioned Litigation and understands the terms thereof and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Missouri in matters relating to the Protective Order and understands that the terms of the Protective Order obligate them to use materials designated as Confidential or Highly Confidential Information, or Foreign Confidential Personal Data, in accordance with the Order solely for the purposes of the above-captioned Litigation and not to disclose any such Confidential or Highly Confidential Information, or Foreign Confidential Personal Data, to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____       Signature: _____