UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: CROP INPUTS ANTITRUST LITIGATION | ) ) ) ) ) | 4:21-MD-2993-SEP<br><br>ALL CASES |

### DEFENDANTS'[1] OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL LIFT OF STAY OF DISCOVERY

There is no basis for the Court to modify its October 15, 2021 Order largely staying discovery pending resolution of Defendants' Motions to Dismiss the Consolidated Class Action Complaint ("CAC"). ECF No. 133. This Court ordered the partial stay in this "broad antitrust case with a number of Defendants and a number of claims involved" because "the potential of unnecessary or overly burdensome discovery is high, if we were to just open the floodgates without first considering how the motions to dismiss might narrow, if not dispose of some Defendants or claims." Hr'g Tr. 35:15–20 (Oct. 15, 2021). Plaintiffs' Motion for Partial Lift of Stay of Discovery ("Motion")—which relies on the same authority as their earlier opposition to the stay and which the Court already has rejected—fails to articulate any changed circumstances that would warrant lifting the stay.

---

[1] Defendants are Bayer CropScience LP, Bayer CropScience Inc., BASF Corporation, Corteva Incorporated, Pioneer Hi-Bred International, Syngenta Corporation, Cargill, Incorporated, Univar Solutions, Incorporated, Winfield Solutions, LLC, CHS Incorporated, Federated Co-operatives Limited, GROWMARK, Incorporated, GROWMARK FS, LLC, Nutrien Ag Solutions, Inc., Simplot AB Retail Sub Incorporated, and Tenkoz, Inc. (collectively, "Defendants").

Plaintiffs argue that the filing (two months ago) of an unrelated and thus irrelevant action by the U.S. Federal Trade Commission ("FTC") and several states supports a partial lift of the stay. This argument, however, is misplaced, as is evident from a review of the FTC Complaint. Indeed, that is exactly the conclusion that the Clerk of the MDL Panel reached, resulting in its recent, swift, and summary denial of a request by these very Plaintiffs to have private civil cases that mimic the FTC Complaint sent to this Court as related to this case—a denial that Plaintiffs inexplicably failed to disclose to this Court when filing their Motion. Moreover, in contrast to Plaintiffs' failure to show any prejudice, Defendants will suffer prejudice if the discovery stay is lifted. For these reasons, as more fully discussed below, the Court should deny Plaintiffs' request to lift the discovery stay.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On October 15, 2021, this Court held a Rule 16 conference with the parties and heard argument on, *inter alia*, Defendants' Motion to Stay Discovery. The Court determined that a partial stay of discovery was warranted, reasoning that there was a "high" potential of "unnecessary or overly burdensome discovery" should the Court direct the parties to engage in discovery before the resolution of the then forthcoming Motions to Dismiss. Hr'g Tr. 35:15–20. Thus, the Court granted a stay of discovery. The Court did not, however, grant a complete stay. Instead, the Court simultaneously ordered the parties to: (1) exchange Rule 26(a) disclosures; and (2) negotiate and agree upon both an ESI protocol and a protective order. *Id.* at 33:17–25. Consistent with the Court's Order, the parties submitted a stipulated Protective Order to the

1

Court on November 5, 2021, ECF No. 140, and an ESI protocol to the Court on December 10, 2021.  ECF No. 156.

In opposing Defendants' motion to stay discovery prior to the Rule 16 conference last year, Plaintiffs pointed to two governmental investigations.  These separate investigations, one brought by the Canadian Competition Bureau ("CCB") and the other by the FTC, involved some, but not all, of the Defendants.  ECF No. 80-1 at 2.  The Court did not previously find Plaintiffs' reliance upon these investigations persuasive, and subsequent events only reinforce that conclusion.

In March 2022, the CCB, which had opened an investigation into an alleged conspiracy among crop input suppliers to boycott Farmers' Business Network in Western Canada, closed its investigation without taking any action.  *See* ECF No. 194.  Defendants alerted the Court to this event.  *Id.*

On September 30, 2022, Plaintiffs filed a Notice of Supplemental Authority ("Notice") to alert the Court to an action recently filed by the FTC and several states against Defendants Syngenta and Corteva, which followed the FTC investigation.  ECF No. 217.[2]  The Notice provided the Court with a copy of the FTC Complaint, but did not include any supplemental

---

[2]   In August 2022, Plaintiffs submitted to this Court a Notice of Supplemental Authority.  ECF No. 211.  That Notice sought to alert the Court to Defendant Corteva's disclosure in its quarterly filing with the United States Securities and Exchange Commission that it was subject to an ongoing investigation by the FTC.  ECF No. 211 (quoting Corteva's Quarterly Report at 60).  Plaintiffs' CAC had quoted an earlier SEC disclosure by Corteva of the FTC's investigation.  ECF No. 104 ¶ 120.

2

authority.[3]  The FTC Complaint challenges Defendants Syngenta's and Corteva's loyalty rebate programs.

Soon after filing their latest Notice, Plaintiffs sought Defendants' consent to amend the CAC.  In seeking consent, Plaintiffs' counsel indicated that "Plaintiffs wish to amend to include additional allegations arising out of [the FTC Complaint] in their operative complaint here."  Email from D. Brandt to S. Rosenberg, dated Oct. 3, 2022, attached hereto as Exhibit A.  Despite efforts to meet and confer regarding the request, Plaintiffs chose not to amend the CAC after Defendants pressed them to provide a redline or at least explain how they could amend to add allegations pled in the FTC Complaint in a way that related to the allegations in the CAC.  Instead, Plaintiffs filed a Notice of Potential Tag-Along Action ("Tag-Along Notice") on October 17, 2022, after a number of plaintiffs had filed follow-on loyalty-rebate private litigation with claims mimicking those raised by the FTC in several districts around the country.  *See In Re: Crop Inputs Antitrust Litigation*, MDL No. 2993, Dkt. No. 162 (Oct. 14, 2022).  This Tag-Along Notice sought to have those follow-on cases transferred to this Court.  Just five days later, however, on October 19, 2022, the Clerk of the Panel "[d]etermined the listed action(s) [were] not appropriate for inclusion in this MDL."  *See In Re: Crop Inputs Antitrust Litigation*, MDL No. 2993, Dkt. No. 164.

---

[3]  Although styled as a "Notice of Supplemental Authority," the document submitted to the Court does not cite actual authority upon which this Court may rely, as Defendants noted in their response to that Notice.  ECF No. 220.

A month after denial of Plaintiffs' request to join the follow-on actions to this MDL, and two months after the FTC filed its complaint—and with no advance notice to Defendants, no attempt to meet and confer (as required by Local Rule 3.04),[4] and no explanation why filing of the FTC Complaint justified lifting the stay—Plaintiffs filed the instant Motion. The Motion seeks a "partial lift" of the discovery stay, and an order mandating that Defendants produce documents that they "produced to government regulators, including the FTC and the [CCB]." ECF 227 at 2.

## II. LEGAL STANDARD

"A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). That discretion "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, No. 4:18-cv-01959, 2019 WL 4644021, at *2 (E.D. Mo. Sept. 24, 2019) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

---

[4] Plaintiffs filed the Motion in violation of Local Rule 3.04, which requires that, prior to filing a motion related to discovery, a party must meet and confer with counsel for the other parties and provide in its motion a "statement . . . recit[ing] the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel." Local Rule 3.04. Despite Rule 3.04's clear mandate, Plaintiffs failed to notify Defendants of their intent to file this instant Motion, let alone meet and confer with Defendants as the rule requires.

4

The issuance of a stay of discovery depends on the circumstances of the particular case, but courts commonly consider: "(1) whether the movant has shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequity to the moving party if the matter is not stayed; (3) prejudice to the non-moving party [if the matter is stayed]; and (4) the conservation of judicial resources." *Physicians Home Health*, 2019 WL 4644021, at *3 (quoting *Dufrene v. ConAgra Foods, Inc.*, No. 15-cv-2796, 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016)); *see also In re: Pre-Filled Propane Antitr. Litig.* ("*Propane*"), No. 14-md-02567, 2015 WL 11022887 (W.D. Mo. Feb. 24, 2015). Here, the relevant factors continue to weigh strongly in favor of a stay.

### III. ARGUMENT

#### A. Further Discovery Should Remain Stayed Pending the Resolution of Defendants' Motions to Dismiss

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court recognized the unique burdens of antitrust discovery, cautioning that courts should be wary of the "extensive scope" and "unusually high cost of discovery" in such cases. 550 U.S. 544, 558–59 (2007); *see also Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 543 (8th Cir. 2015) (citations omitted) (applying *Twombly* and staying discovery in an antitrust suit to avoid subjecting defendants to the "discovery swamp" while motions to dismiss were pending); *see generally* Manual for Complex Litigation, Fourth § 30 (describing extensive scope of discovery in antitrust cases). The Supreme Court admonished that "the costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when

5

there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint." *Twombly*, 550 U.S. at 558 (internal quotation omitted).

Accordingly, courts in this Circuit and others *routinely* stay discovery in antitrust cases while motions to dismiss are pending or forthcoming. *E.g.*, *Propane*, 2015 WL 11022887, at *2; *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011) (staying discovery pending motion to dismiss decision, noting, "[c]ritically, this is an antitrust case, which directly invokes the Supreme Court's concerns in *Twombly* about burdensome and expensive discovery"); *In re: Wholesale Grocery Prods. Antitr. Litig.*, No. 09-md-2090, 2010 WL 11469883 (D. Minn. Mar. 3, 2010). And the law is clear: "[a] plaintiff must adequately plead a claim before obtaining discovery, not the other way around." *In re Medtronic, Inc. Sprint Fidelis Leads Prod. Liab. Litig.*, No. 08-1905, 2009 WL 294353, at *2 (D. Minn. Feb. 5, 2009), *aff'd,* 623 F.3d 1200 (8th Cir. 2010); *see also id.* (holding that plaintiffs "are not entitled to 'conduct a fishing expedition for discovery'") (quoting *Oreman Sales, Inc. v. Matsushita Elec. Corp. of Am.*, 768 F. Supp. 1174, 1180 (E.D. La. 1991)).

As the Court found in granting Defendants' Motion to Stay Discovery in October 2021, each of the factors courts commonly consider weigh in favor of staying discovery in this action pending a resolution of Defendants' Motions to Dismiss. Given that Defendants have already briefed these issues and Plaintiffs rely upon the same case law now that they cited in their initial opposition to Defendants' request for a stay, which the Court considered in granting the partial stay of discovery in October 2021, Defendants do not reiterate their legal arguments regarding each of the factors the Court may consider when granting a stay of discovery. Instead, for the

6

Court's convenience, Defendants summarize the law they previously articulated in support of their Motion to Stay Discovery, ECF No. 80.  Defendants incorporate that case law and the corresponding arguments fully herein.

In granting Defendants' Motion to Stay Discovery, the Court found that there was a "high" potential for unnecessary and burdensome discovery in this action should it proceed prior to the resolution of Defendants' Motions to Dismiss.  Hr'g Tr. 35:16–17.  With their renewed motion, Plaintiffs fail to demonstrate that the bases upon which the Court determined that a stay of discovery was appropriate have changed sufficiently to warrant a lift of that stay.  Nor can Plaintiffs credibly assert that they will suffer any prejudice by a continued stay of discovery pending resolution of Defendants' Motions to Dismiss.

Moreover, while the current discovery stay results in no prejudice to Plaintiffs, lifting the discovery stay would result in prejudice to Defendants, as the burden would fall disproportionately on them.  The production of any materials produced to the FTC and the CCB is not as simple and cost-free as Plaintiffs would have the Court believe.  Any Defendant subject to an order to produce documents from these government investigations would, at a minimum, need to be in receipt of proper discovery requests from Plaintiffs, have an opportunity to provide written objections, meet-and-confer with Plaintiffs about those objections, and ultimately engage in a costly and time-consuming review of the materials for relevance and confidentiality.[5]  *See*

---

[5] This assumes any Defendant could even be ordered to produce documents produced by a related but non-party company.  *See, e.g.*, *Handi-Craft Co. v. Action Trading, S.A.*, No. 4:02-cv-1731, 2003 WL 26098543, at *5 (E.D. Mo. Nov. 25, 2003) (outlining multi-factored

7

*Arrowpac Inc. v. Sea Star Line, LLC*, No. 3:12-CV-1180, 2014 WL 12618327, at *3 (M.D. Fla. Jan. 31, 2014) ("[E]ven where courts have ordered wholesale production of all DOJ materials, it was only after specific discovery requests were made and/or determinations were made that the materials were relevant and not privileged."); *Propane*, 2015 WL 11022887, at *3 (defendants "would not be able to simply hand over" documents without further review). This is the type of burden that *Twombly* seeks to avoid.

      For these reasons, other courts have declined to allow so-called "limited" discovery of government investigation documents. For example, in *Propane*, the FTC filed a complaint "alleging that Defendants had restrained price competition because of the 2008 decision to decrease the fill level of the propane tanks." *Id*. at *2. In separate civil litigation, the *Propane* defendants sought to stay discovery pending resolution of a motion to dismiss the operative complaint. *Id*. The plaintiffs opposed, seeking a copy of materials defendants previously produced to the FTC in a separate and earlier action. *Id*. The court, however, stayed discovery *in full*, finding that the "[d]efendants would suffer hardship if they were required to sort through all of the discovery they previously produced [to the FTC] to insure its relevance and examine its confidentiality prior to ruling on their forthcoming motion to dismiss." *Id*. at *5. The court also found that the plaintiffs, like those here, would not be prejudiced by a stay, particularly since the alleged wrongful behavior had occurred several years before. *Id*. at *2–3.

---

      analysis courts must apply to determine whether party exerts sufficient control over related entities to obtain documents in discovery).

Therefore, because there is no compelling reason to alter this Court's order staying discovery, Plaintiffs' Motion should be denied.

### B. The FTC Complaint and the Now-Closed CCB Investigation Are Irrelevant and Do Not Warrant Lifting the Stay

Recognizing that there is no factual or legal basis to re-litigate this Court's order granting a stay of discovery, Plaintiffs assert that they are entitled to a partial lift of the stay given the recently-filed FTC Complaint. ECF 227 at 1–2. However, the FTC Complaint does not provide the Court with any information pertinent to Plaintiffs' claims. The FTC Complaint, instead, confirms that the FTC investigation was wholly unrelated to Plaintiffs' allegations in this case. In the Motion, Plaintiffs describe their allegations in the CAC as purporting to allege "'a group boycott of electronic sales platforms,'" as well as "'price fixing in the manufacturing, wholesaling, and retailing of crop inputs.'" ECF No. 227 at 2 (quoting ECF No. 1). By contrast, the FTC Complaint does not allege an agreement among Defendants to boycott anyone, much less an agreement to boycott electronic sales platforms in particular. Neither (and contrary to Plaintiffs' representation, *id.* at 2) does the FTC Complaint allege price fixing of any sort.[6] Thus, despite Plaintiffs' bold assertion that there is "substantial overlap in the subject matter of the

---

[6] Indeed, Defendants have already pointed out this mischaracterization, which Plaintiffs first made in their Notice. ECF No. 220.

9

FTC Complaint and Plaintiffs' claims," ECF No. 227 at 7, the FTC Complaint itself demonstrates that this is untrue.

Indeed, the FTC has described its Complaint as focused on so-called "generic pesticides." FTC Press Release, *available at* https://www.ftc.gov/news-events/news/press-releases/2022/09/ftc-state-partners-sue-pesticide-giants-syngenta-corteva-using-illegal-pay-block-scheme-inflate.  Specifically, the FTC Complaint, as directed at Syngenta, centers on its "loyalty program" with respect to only three crop protection products: the fungicide azoxystrobin, and the herbicides mesotrione and metolachlor.  ECF No. 217, Ex. A ¶¶ 83–115.  As to Corteva, the FTC Complaint centers on its separate loyalty program with respect to three different crop protection products:  the herbicides rimsulfuron and acetochlor, and the insecticide and nematicide, oxamyl.  *Id.* ¶¶ 115–56.  The FTC's allegations are vastly different from Plaintiffs' CAC here, which centers on a boycott of electronic sales platforms, and names a dozen companies (at multiple levels of distribution) as defendants in addition to Syngenta and Corteva.  Moreover, Plaintiffs' CAC seeks to implicate every type of crop protection product and each and every seed sold by Defendants in the U.S. (rather than the six distinct products that are the subject of the FTC Complaint).  ECF No. 104 ¶¶ 1, 3, and 8.  In short, the FTC Complaint does not render the allegations here any more plausible, nor does it demonstrate a need to lift the discovery stay.[7]

---

[7] Nor does Plaintiffs' reliance upon common allegations of "secrecy" in the FTC Complaint and the CAC render the two cases related.

Further, the Clerk of the MDL Panel recognized that the allegations contained in the FTC Complaint were not related to the underlying actions consolidated in this MDL.  When Plaintiffs filed a tag-along notice for the private follow-on actions to the FTC Complaint, the Clerk of the JPML immediately determined that those actions were "not appropriate for inclusion in this MDL."  *In Re: Crop Inputs Antitrust Litigation*, MDL No. 2993, Dkt. No. 164.

Nor is there an emergent need to engage in discovery with respect to documents produced to the CCB.  As a threshold matter, while Plaintiffs also seek to lift the discovery stay as to "documents Defendants produced to . . . the [CCB]," Plaintiffs offer no argument specific to that request.  ECF No. 227 at 2.  Plaintiffs do not engage with any of the arguments raised by Defendants in the prior briefing of the Motion to Stay (ECF Nos. 80 and 127), including the burden on Defendants; that Federated Cooperatives Limited ("FCL") (the only Defendant that actually produced documents to the CCB) has challenged personal jurisdiction;[8] possession, custody, and control issues with respect to the other Defendants; and that—even if a foreign

---

[8] FCL has asserted in its Motion to Dismiss that Plaintiff cannot establish personal jurisdiction over it here because it is a Canadian cooperative that does no business in the United States.  The Court will thus need to resolve the threshold question of whether it has jurisdiction over FCL before it should be required to be subjected to discovery.  And surely requiring a Defendant to turn over documents in discovery when it is not subject to personal jurisdiction is inequitable and prejudicial.  *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-CV-00772, 2015 WL 1600768, at *1 (D. Nev. Apr. 8, 2015) (citation omitted) ("[I]n the context of a pending motion to dismiss challenging personal jurisdiction, courts are more inclined to stay discovery because it presents a 'critical preliminary question.'"); *Steinbuch v. Cutler*, 518 F.3d 580, 590 (8th Cir. 2008) (affirming stay of discovery because plaintiff could not make a *prima facie* showing of personal jurisdiction).  And, "the Supreme Court has cautioned federal courts to exercise special vigilance to protect foreign litigants from unnecessary. . . discovery." Manual for Complex Litigation, § 11.494.

11

conspiracy existed—it would not be probative of the existence of a U.S. conspiracy. *See* ECF No. 80 at 7–8; ECF No. 127 at 4–8. Of course, as Defendants have informed the Court, ECF No. 194, the CCB has closed its investigation, announcing that "[f]ollowing a careful review of the evidence, the Bureau determined that the evidence does not sufficiently demonstrate that an agreement exists between competitors in relation to FBN." *Id*. at 1. Thus, while Plaintiffs have claimed that they needed discovery regarding the CCB investigation to "keep pace" with that investigation, ECF No. 119 at 9, there is no need to "keep pace" with an investigation has been closed after finding no evidence of a violation of law.

Given the irrelevance of the FTC's investigation to Plaintiffs' claims, the filing of the FTC Complaint does not warrant a lift of the discovery stay. And, in light of the numerous issues identified with regard to the CCB production and the irrelevance of the CCB's investigation generally, it too provides no basis for lifting the stay. In short, because Plaintiffs' request does not resolve any of the concerns regarding the burden of potentially unnecessary discovery that necessitated the discovery stay in the first instance, the stay should remain. Hr'g Tr. 36:2–4.

### IV.  CONCLUSION

This Court has previously weighed the arguments for and against a stay and issued a partial stay, coupled with a requirement to engage in preliminary matters. Plaintiffs offer no good reason for this Court to revisit that decision. Therefore, Defendants respectfully request that this Court deny Plaintiffs' Motion to Lift the Discovery Stay.

12

Respectfully submitted,

/s/ *Troy Bozarth* (with consent)
Troy A. Bozarth
**HEPLERBROOM LLC**
130 N. Main St.
P.O. Box 510
Edwardsville, IL 62025
Tel: (618) 656-0184
tab@heplerbroom.com

David J. Lender
Adam C. Hemlock
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
David.Lender@weil.com
Adam.Hemlock@weil.com

*Counsel for Defendant BASF Corporation*


/s/ *Eric Mahr* (with consent)
Eric Mahr
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
700 13th Street NW, 10th Floor
Washington, DC 20005-3960
Tel: (202) 777-4545
Fax: (202) 777-4555
eric.mahr@freshfields.com

*Counsel for Defendant Cargill, Incorporated*

/s/ *Edwin G. Harvey (with consent)*
Christopher M. Hohn
Sharon B. Rosenberg
Edwin G. Harvey
**THOMPSON COBURN LLP**
One US Bank Plaza
St. Louis MO 63101
Phone: (314) 552-6000
chohn@thompsoncoburn.com
srosenberg@thompsoncoburn.com
eharvey@thompsoncoburn.com

Jonathan I. Gleklen
Laura S. Shores
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001
Phone: (202) 942-5000
jonathan.gleklen@arnoldporter.com
laura.shores@arnoldporter.com

*Counsel for Defendants Bayer CropScience LP and Bayer CropScience Inc.*


/s/ *Kathy L. Osborn* (with consent)
Kathy L. Osborn
**FAEGRE DRINKER BIDDLE & REATH LLP**
300 N. Meridian St., Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-8261
Email: kathy.osborn@faegredrinker.com

Colby Anne Kingsbury
**FAEGRE DRINKER BIDDLE & REATH LLP**
4400320 S. Canal St., Suite 3300
Chicago, IL 60606

13

Telephone: (312) 212-6573
Email: colby.kingsbury@faegredrinker.com

*Counsel for Defendant CHS Inc.*

/s/ *Jason A. Leckerman*
Leslie E. John
Jason A. Leckerman
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel: (215) 665-8500
johnl@ballardspahr.com
leckermanj@ballardspahr.com

Donald M. Flack
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
**ARMSTRONG TEASDALE LLP**
Tel: 314.621.5070
dflack@atllp.com

*Counsel for Defendants Corteva, Inc.*
*and Pioneer Hi-Bred International, Inc.*


/s/ *Michael L. McCluggage* (with consent)
Michael L. McCluggage
Barack S. Echols
**EIMER STAHL LLP**
224 S. Michigan Ave.
Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
mmccluggage@eimerstahl.com
bechols@eimerstahl.com

Collin J. Vierra
**EIMER STAHL LLP**
99 South Almaden Boulevard
Suite 662

/s/ *Barry S. Noeltner* (with consent)
Barry S. Noeltner
**HEYL, ROYSTER, VOELKER &**
**ALLEN, P.C.**
Suite 100
Mark Twain Plaza III
105 West Vandalia Street
Edwardsville, Illinois 62025
Telephone: 618.656.4646
PRIMARY E-SERVICE -
edwecf@heylroyster.com
SECONDARY E-SERVICE –
bnoeltner@heylroyster.com

Michael A. Lindsay (MN Lic. #0163466)
F. Matthew Ralph (MN Lic. #0323202)
Jaime Stilson (MN Lic. #0392913)
**DORSEY & WHITNEY LLP**
50 South Sixth Street Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
lindsay.michael@dorsey.com
ralph.matthew@dorsey.com
stilson.jaime@dorsey.com

*Counsel for Defendants GROWMARK, Inc.*
*and GROWMARK FS, LLC*

14

San Jose, CA 85113
Telephone: (669) 231-8755
cvierra@eimerstahl.com

*Counsel for Defendant Federated Co-operatives Limited*

/s/ *G. Patrick Watson* (with consent)
G. Patrick Watson
Lindsay S. Johnson
**BRYAN CAVE LEIGHTON PAISNER LLP**
1201 West Peachtree Street NW
Suite 1400
Atlanta, Georgia 30309
(404) 572-6600
(404) 572-6999 (facsimile)
patrick.watson@bclplaw.com
lindsay.johnson@bclplaw.com

Paul J. Lopach
Michael J. Hofmann
**BRYAN CAVE LEIGHTON PAISNER LLP**
1700 Lincoln Street
Suite 4100
Denver, CO 80203
(303) 861-7000
(303) 866-0200 (facsimile)
paul.lopach@bclplaw.com
michael.hofmann@bclplaw.com

Travis H. Campbell
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000
(314) 259-2020 (facsimile)
travis.campbell@bclplaw.com

/s/ *Eric D. Brandfonbrener* (with consent)
Eric D. Brandfonbrener
**PERKINS COIE, LLP**
110 N. Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 324-8400
(312) 324-9400(facsimile)
ebrand@perkinscoie.com

Shylah R. Alfonso
**PERKINS COIE, LLP**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
(206) 359-3980
(206) 359-4980 (facsimile)
salfonso@perkinscoie.com

*Counsel for Defendant Simplot AB Retail Sub, Inc.*

/s/ *Paul S. Mishkin* (with consent)
Paul S. Mishkin
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017
Telephone: 212-450-4292
paul.mishkin@davispolk.com

Robert T. Haar – #30044MO
Jozef J. Kopchick - #67685MO
HAAR & WOODS, LLP
1010 Market Street, Suite 1620
St. Louis, Missouri 63101

15

*Counsel for Defendant Nutrien Ag Solutions, Inc.*

/s/ *Lee A. Peifer* (with consent)
Lee A. Peifer
James R. McGibbon
**EVERSHEDS SUTHERLAND (US) LLP**
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
Telephone: 404-853-8000
leepeifer@eversheds-sutherland.com
jimmcgibbon@eversheds-sutherland.com

*Counsel for Defendant Tenkoz, Inc.*


/s/ *Nathan P. Eimer* (with consent)
Nathan P. Eimer
Vanessa G. Jacobsen
Brian Y. Chang
Sarah H. Catalano
**EIMER STAHL LLP**
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
neimer@eimerstahl.com
vjacobsen@eimerstahl.com
bchang@eimerstahl.com
scatalano@eimerstahl.com

*Counsel for Defendant Winfield Solutions, LLC*

Telephone: (314) 241-2224
roberthaar@haar-woods.com
jkopchick@haar-woods.com

*Counsel for Defendant Syngenta Corporation*

/s/ *Craig C. Martin* (with consent)
Craig C. Martin
Matt D. Basil
**WILLKIE FARR & GALLAGHER LLP**
300 North LaSalle
Chicago, IL 60654-3406
Telephone: (312) 728-9000
cmartin@willkie.com
mbasil@willkie.com

/s/ J. Nicci Warr (with consent)
J. Nicci Warr, #59975
7700 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105
Telephone: (314) 863-0800
nicci.warr@stinson.com

Alexander C. Barrett, #68695
230 West McCarty Street
Jefferson City, Missouri 65101
Telephone: (573) 636-6263
alexander.barrett@stinson.com

*Counsel for Defendant Univar Solutions Inc.*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

/s/ *Jason A. Leckerman*
Jason A. Leckerman