**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| IN RE: CROP INPUTS ANTITRUST LITIGATION | Case No. 4:21-md-02993-SEP<br><br>MDL No. 2993 |
| This Document Relates To:<br><br>ALL CASES | |

**PLAINTIFFS' RENEWED MOTION FOR PARTIAL LIFT OF STAY OF DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs renew their November 18, 2022 motion for a partial lift of the ongoing discovery stay in this MDL (ECF No. 227, the "Motion"), addressing a stay of discovery first briefed by the parties and implemented by the Court just over fourteen months ago. In opposition to the Motion, Defendants argued that Plaintiffs had failed to meet and confer in violation of L.R. 3.04. *See* ECF No. 230 at 4 & n.4. Plaintiffs offered to meet and confer before the filing of their anticipated reply brief, *see* Declaration of Leigh M. Perica filed herewith at ¶ 2, and then withdrew the Motion without prejudice when Defendants conditioned discussions on that withdrawal. *See Id.* ¶ 3. The parties met-and-conferred, Plaintiffs offered to narrow the request to those materials produced to the FTC, and Defendants declined to provide any alternative compromise or to alter their position "for the reasons outlined in [their] submissions to the Court." *Id.* ¶¶ 4-5.[1] Defendants declined even to identify which entities among them had actually produced materials to the FTC, ruling out

---

[1] Although Plaintiffs offered in good faith as part of the meet and confer process to narrow their request to FTC documents based on Defendants' brief that suggested they would be more open to such a compromise, Plaintiffs renew their motion for both FTC and CCB documents, the latter of which are arguably just as relevant, if not more so, than the FTC documents to this action.

1

any narrowing of the motion on that basis. Plaintiffs thus renew their Motion and—there being no change in the parties' positions—what follows is unaltered from the November 18, 2022 Motion.

It is black letter law that discovery may proceed during the pendency of a motion to dismiss. Although courts have broad discretion to stay proceedings, discovery stays are disfavored and are exceptions to the rule. Consistent with this general rule, Plaintiffs sought to proceed with discovery while Defendants' motions to dismiss were pending. In response, Defendants moved to stay discovery. On October 15, 2021, this Court granted Defendants' motion in part. (ECF No. 133.) The Court reasoned: (1) it was unclear how related the FTC investigation was to Plaintiffs' claims (including how many defendants overlapped); and (2) "the anticipated duration of the stay [was] quite limited." (Transcript of October 15, 2021 Rule 16 Conference in *In re Crop Inputs Antitrust Litig.*, at 35:21-36:23 ("Tr.") (attached as Ex. A).

The passage of time and recent events concerning the FTC investigation support revisiting the stay. Critically, as this Court recognized: "if we find out more about the FTC investigation and it turns out that it is quite relevant . . . that could change" the Court's evaluation of the appropriateness of a stay. (Tr. At 36:10-14.) The Court further noted that Plaintiffs "have good reasons for wanting the documents, particularly the ones related to the government investigations." (Tr. 35:21-23.)  The FTC's recently-filed complaint against Defendants Corteva and Syngenta changes the landscape and reveals the relevance of the FTC investigation to the present litigation. *See* Complaint, *FTC v. Syngenta Crop Protection AG, et al.*, No. 22-cv-828 (M.D.N.C., Sept. 29, 2022), ECF No. 1 ("FTC Compl.") (copy filed with Plaintiffs' September 30, 2022 Notice of Supplemental Authority ECF No. 217).

The FTC complaint is directly related to the allegations of misconduct made by Plaintiffs because both cases allege that overlapping Defendants engaged in unlawful conduct to artificially

2

raise the prices of crop protection products. As aptly summarized by the Judicial Panel on Multidistrict Litigation, this action "involve[s] common factual allegations about defendants' anticompetitive conduct, including a group boycott of electronic sales platforms and price fixing in the manufacturing, wholesaling, and retailing of crop inputs – i.e., seeds and chemicals such as fungicides, herbicides, and insecticides." (Transfer Order, ECF No. 1; *see also* Consol. Am. Class Action Compl., ECF No. 104 at ¶ 3 ("Compl.") ("This action arises from an unlawful agreement between Defendants—manufacturers, wholesalers, and retailers of Crop Inputs—to artificially increase and fix the prices of seeds and crop protection chemicals such as fungicides, herbicides, and insecticides ('Crop Inputs') used by farmers throughout the United States").) The FTC complaint contains similar allegations of barriers to entry and price-fixing. *See* FTC Compl. ¶ 1 ("Defendants [Syngenta and Corteva] . . . have unfairly impeded competitors and artificially inflated the prices that U.S. farmers pay for crop-protection products."); ¶ 6 (categorizing crop-protection products as herbicides, insecticides, and fungicides).

Additionally, the discovery stay has extended further than the parties or the Court likely anticipated. Plaintiffs therefore request that the Court lift the discovery stay as to documents Defendants produced to government regulators, including the FTC and the Canadian Competition Bureau ("CCB").

## BACKGROUND FACTS

On August 5, 2022, Defendant Corteva, Inc. disclosed in its Form 10-Q Quarterly Report that the FTC had subpoenaed Corteva on May 26, 2020, directing Corteva to submit documents "pertaining to its crop protection products generally, as well as business plans, rebate programs, offers, pricing and marketing materials" specifically related to certain products. The report also noted that FTC staff had recommended that the agency pursue an enforcement action against

3

Corteva. Corteva, Inc., Quarterly Report (Part II., Item 1 LEGAL PROCEEDINGS, appearing on page 60 of the 10-Q) (Aug. 5, 2022) (attached as Ex. A to Pls.' Notice of Suppl. Auth., *In re Crop Inputs Antitrust Litig.*, Case No. 4:21-md-02993-SEP (Aug. 11, 2022). (ECF No. 211.)

On September 29, 2022, nearly a year after the stay was implemented in this litigation, the FTC filed a complaint against two of the Defendants in the present litigation, alleging anticompetitive agreements that "unfairly impeded competitors and artificially inflated the prices that U.S. farmers trade on crop-protection products." (FTC Compl. ¶ 2.) The FTC alleges that Syngenta and Corteva engaged in a scheme with its distributors, likely including distributors named as defendants in this action, to exclude competition from other manufacturers through rebate or "loyalty" programs designed to hinder the entry and expansion of generic manufacturers, thereby leading to higher prices for pesticides. (*Id.* ¶ 4.) The FTC also alleges that:

> Defendants' loyalty programs enable Defendants to maintain high prices and dominant market positions years after exclusivity for an active ingredient has expired. Defendants' schemes have forced generic manufacturers to exit markets encumbered by loyalty programs or to decide not to enter due to those programs. Even when they offer competitive products, generic manufacturers are relegated to selling limited volumes, often through undesirable, less efficient channels of distribution.

(FTC Compl. ¶ 10.)

As Plaintiffs noted in their memorandum in opposition to Defendants' motion to stay discovery, because Defendants' motions to dismiss then were not yet filed, "Plaintiffs can only predict what will be in that motion and whether the FTC documents sought herein will be important for purposes of responding to the motion or amending as necessary." (ECF No. 119 at 9, n.8.) With the benefit of time, the Defendants' motions to dismiss, and the developments in the FTC investigation, Plaintiffs now know that these documents will unquestionably be relevant.

4

# ARGUMENT

The relevancy of the FTC's investigation to this case has been confirmed by the FTC Complaint. Additionally, because the length of the discovery stay has extended beyond its anticipated duration, the discovery stay should be lifted as it relates to the documents produced by Defendants in the government investigations.

I. **Given the General Rule that Discovery Should Not Be Stayed, the Court Should Exercise its Discretion and Lift the Discovery Stay.**

Courts have broad discretion to stay proceedings, but "'motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steels Minn., LLC*, No. CV 09-3037, 2012 WL 12895231, at *4 (D. Minn. July 5, 2012) (quoting *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.*, No. CIV.A.00-2284, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002)). The "proponent of the stay bears the burden of establishing the need for a stay." *United States ex rel. Donegan v. Anesthesia Assoc. of Kansas City, PC*, No. 4:12CV0876, 2014 WL 12618074, at *1 (W.D. Mo. Jan. 7, 2014) (citing *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)).

The "black letter law [is] that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *Reinerio v. Bank of New York Mellon*, No. 15-CV-161, 2015 WL 4425856, at *6 (W.D. Mo. July 20, 2015), *aff'd*, 668 F. App'x 669 (8th Cir. 2016) (quoting *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, No. 13–1356, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013) (quotations omitted)). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect …." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *cf.* 15 U.S.C. § 77z-1 (establishing automatic stay of discovery under

5

PSLRA). Courts routinely deny requests to stay discovery, finding a stay to be an "extraordinary" remedy saved for only "extraordinary circumstances." *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 623, 635-36 (E.D. Pa. 2010); *see, e.g., KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-CV-2065, 2021 WL 1108684, at *2 (D. Kan. March 23, 2021) ("Defendants have not clearly shown a compelling reason for the court to issue a stay of all discovery."); *In re Pork Antitrust Litig.,* No. 18-CV-1776, 2019 WL 480518, at *4 (D. Minn. Feb. 7, 2019) (denying motion to stay discovery in part "so that significant and meaningful progress can be made on a number of fronts, while still conserving resources and moderating unfairness or prejudice."). Courts also routinely order production of documents previously produced to government regulators.[2] The practice is so well established that in *In Re: Lithium Ion Batteries Antitrust Litigation*, in response to a suggestion by the defense that production of documents provided to the Department of Justice in an early phase of the case was "unusual," the court stated: "Well, not according to all the district judges I spoke to at the last MDL conference, but go ahead." Hrg. Tr. at 83:1-2, *In Re: Lithium Ion Batteries Antitrust Litig.*, No. 4:13-md-2420 (N.D. Cal. Aug. 8, 2014), ECF No. 502 (attached hereto as Ex. C).

**II.    The FTC Complaint Demonstrates the FTC Investigation's Relevance to the Present Litigation.**

---

[2] *See, e.g., In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-MD-2687 (D.N.J. July 5, 2016), ECF No. 209, and Order dated July 13, 2016, ECF No. 216 (ordering defendants to produce documents previously produced to the Department of Justice *before* plaintiffs filed consolidated complaints); *In re Provigil Antitrust Litig.*, No. 06-CV-1797 (E.D. Pa. Sept. 24, 2009), ECF No. 219 (ordering production of "all materials previously produced by that Defendant to the Federal Trade Commission" while motion to dismiss was being briefed); *In re Niaspan Antitrust Litig.*, No. 13-MD-2460 (E.D. Pa. Feb. 19, 2014), ECF No. 61 (requiring production of documents already produced or generated in underlying patent litigation or submitted to the FDA prior to a decision on the motion to dismiss); *In re Neurontin Antitrust Litig.*, No. 02-CV-1390 (D.N.J. Oct. 29, 2002), ECF No. 25 (ordering early production of documents while underlying patent litigation was pending and before filing of consolidated complaint). (Copies attached hereto for the Court's convenience as Ex. B.)

6

When outlining its rationale for granting Defendants' requested discovery stay, the Court noted that "if we find out more about the FTC investigation and it turns out that it is quite relevant, and this delay turns out to be longer than the Court is anticipating . . . there are facts that could change . . . this evaluation." (Tr. at 36:10-14.) The FTC Complaint demonstrates the relevance of the FTC investigation to the present litigation.

There is no question that such a government investigation is relevant to Plaintiffs' allegations of anticompetitive agreements between Defendants to maintain and increase the prices of crop inputs. *See, e.g., In re Milk Prod. Antitrust Litig.*, 84 F. Supp. 2d 1016, 1027-28 (D. Minn. 1997), *aff'd*, 195 F.3d 430 (8th Cir. 1999) ("[T]o the extent that [documents produced to state and federal entities and third parties] may lead to discoverable information, Defendants must turn them over."). Plaintiffs allege in their operative Complaint that "[a]t the retail level, pricing [for Crop Inputs] is [] opaque and obscured" by wholesalers' contracts with authorized retailers, which

> contain strict confidentiality provisions, prohibiting retailers from disclosing the price paid to the wholesaler for Crop Inputs or the price at which retailers sell those exact same Crop Inputs to other farmers. In addition, retailers bundle the sale of Crop Inputs with other services, such as spraying or applying chemicals, which further obscures the individual cost of any Crop Input or bundled service.

(Compl. ¶ 73.) This tracks with the similar allegations in the FTC Complaint that Defendants implemented sales programs with their distributors which functioned as an unlawful exclusionary scheme to maintain supracompetitive profits on crop inputs. (FTC Compl. ¶ 3.) Additionally, Plaintiffs alleged that Defendants' secrecy around incentive and rebate programs were part of Defendants' illegal scheme to increase Defendants' profits. (Compl. ¶ 71.)

Furthermore, any claim by Defendants that they would face undue burden if they were required to produce documents they have collected and produced to the CCB and FTC lacks

support. Courts routinely recognize that "[t]he burden on the defendants 'is slight when a defendant 'has already found, reviewed and organized the documents.'"" *In re Bank of Am. Corp. Secs., Derivative, & ERISA Litig.*, No. 09 MDL 2058, 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2009) (quoting *Waldman v. Wachovia*, No. 08 CIV 2913, 2009 WL 86763, at *2 (S.D.N.Y. Jan. 12, 2009)).

It is now indisputable that two Defendants in this action are implicated in the FTC action. The FTC Complaint names Syngenta and Corteva as defendants, and it also implicates distributors and retailers as being part of the alleged anticompetitive scheme. (FTC Compl. ¶¶ 50, 58-59, 76, 87, 96, 109, 161, 167, 171-72, 175, 187.) The FTC complaint is heavily redacted, so the identities of the distributors and retailers are not presently known. However, it is likely that at least some of the Wholesaler and Retailer Defendants named by Plaintiffs in this action are also mentioned in the FTC Complaint. (*See* Compl. ¶¶ 56-65.) Moreover, it is entirely probable that additional Manufacturer Defendants in this action also made productions to the FTC pursuant to the FTC's investigation, even if these Defendants are not publicly identified in the redacted FTC Complaint.

Given the substantial overlap in the subject matter of the FTC Complaint and Plaintiffs' claims, and the fact that the two named defendants in the FTC Complaint are Defendants in this action (with the possibility that additional Defendants also made productions to the FTC), the relevance of the FTC investigation now weighs in favor of Defendants producing in this action the documents they previously produced to the FTC.

### III.     The Discovery Stay Has Extended Beyond the Term Anticipated by the Court.

The discovery stay has also extended beyond the timeline originally anticipated by this Court, providing an additional reason to lift the discovery stay. The Court noted that its intent was for a "modest stay," and that Rule 26 disclosures would alleviate the risk of prejudice to Plaintiffs.

8

The term originally anticipated by the Court was "five to six months." (Tr. at 19:23.) Counsel for the Defendants even noted that they were not "talking about pausing this entire litigation for years" given there was "still much work to be done." (Tr. at 19:18-20.)

Plaintiffs have moved the case forward as far as practicable during the discovery stay, but progress in the case has reached a standstill. The Court emphasized that a large part of its calculation of whether the risk of prejudice to Plaintiffs was outweighed by the burden of the requested discovery "depend[ed] on the fact that the anticipated duration of this stay is quite limited" and that the Court did not "expect this stay to go on for a year or two." (Tr. at 36:21-23.) Given that the stay has recently reached its one-year anniversary, Plaintiffs now ask the Court to lift the discovery stay as to documents Defendants previously produced to government regulators, including the FTC and CCB, so that the case may continue to move forward.

## CONCLUSION

Plaintiffs respectfully ask the Court to partially lift the discovery stay as to documents Defendants have already collected and produced in the related governmental investigations into Defendants' anticompetitive conduct in the market for Crop Inputs.

Dated: December 19, 2022

Respectfully submitted,

*s/ Derek Y. Brandt*
**MCCUNE LAW GROUP, MCCUNE WRIGHT AREVALO VERCOSKI KUSEL WECK BRANDT, APC**
Derek Y. Brandt. (6228895 IL)
Leigh M. Perica (6316856 IL)
Connor P. Lemire (704702 MA)
231 N. Main Street, Suite 20
Edwardsville, IL 62025
Telephone: (618) 307-6116
dyb@mccunewright.com
lmp@muccunewright.com

9

cpl@mccunewright.com

*Plaintiffs' Liaison Counsel*

*s/ W. Joseph Bruckner (w/consent)*
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (0147758 MN)
Rebecca A. Peterson (241858 MN)
Robert K. Shelquist (21310x MN)
Brian D. Clark (0390069 MN)
Craig S. Davis (0148192 MN)
100 Washington Avenue So., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
rapeterson@locklaw.com
rkshelquist@locklaw.com
bdclark@locklaw.com
csdavis@locklaw.com

*s/ Michelle Looby (w/consent)*
**GUSTAFSON GLUEK PLLC**
Dan Gustafson (202241 MN)
Michelle Looby (0388166 MN)
Daniel C. Hedlund (258337 MN)
Daniel J. Nordin (0392393 MN)
Kaitlyn L. Dennis (0397433 MN)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
mlooby@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
kdennis@gustafsongluek.com

*s/ Sterling Aldridge (w/consent)*
**BARRETT LAW GROUP, P.A.**
John W. "Don" Barrett (2063 MS)
Sterling Aldridge (104277 MS)
Katherine Barrett Riley (99109 MS)
David McMullan, Jr. (8494 MS)
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com
sstarns@barrettlawgroup.com
kbriley@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

*Plaintiffs' Interim Co-Lead Class Counsel*

**COTCHETT, PITRE & MCCARTHY, LLP**
Adam Zapala (245748 CA)
Elizabeth Castillo (280502 CA)
Karin B. Swope (24015 WA)
James G.B. Dallal (277826 CA)

**EDELSON LECHTZIN LLP**
Marc Edelson (51834 PA)
Sati Gibson (90316 PA)
3 Terry Drive, Suite 205
Newton, PA 18940
Telephone: (215) 867-2399

840 Malcom Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com
kswope@cpmlegal.com
jdallal@cpmlegal.com

Medelson@edelson-law.com
sgibson@edelson-law.com

**HELLMUTH & JOHNSON PLLC**
Michael R. Cashman (206945 MN)
Anne T. Regan (0333852 MN)
Nathan D. Prosser (0329745 MN)
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005
Facsimile: (952) 941-2337
mcashman@hjlawfirm.com
aregan@hjlawfirm.com
nprosser@hjlawfirm.com

**DICELLO LEVITT GUTZLER**
Gregory S. Asciolla (2635241 NY)
Karin E. Garvey (2997831 NY)
Jonathan S. Crevier (5592753 NY)
485 Lexington Avenue, Suite 1001
New York, New York 10017
Telephone: (646) 933-1000
gasciolla@dicellolevitt.com
kgarvey@dicellolevitt.com
jcrevier@dicellolevitt.com

**PAUL LLP**
Richard M. Paul III (44233 MO)
Ashlea G. Schwarz (60102 MO)
601 Walnut Street, Suite 300
Kansas City, MO 64106
Telephone: (816) 984-8100
Facsimile: (816) 984-8108
Rick@PaulLLP.com
Ashlea@PaulLLP.com

**REINHARDT WENDORF & BLANCHFIELD**
Mark Reinhardt (90530 MN)
Garrett D. Blanchfield (209855 MN)
Roberta A. Yard (322295 MN)
332 Minnesota Street, Suite W1050
St. Paul, MN 55101
Telephone: (651) 287-2100
Facsimile: (651) 287-2103
m.reinhardt@rwblawfirm.com
g.blanchfield@rwblawfirm.com
r.yard@rwblawfirm.com

**SHARP LAW LLP**
Ruth Anne French-Hodson (65461 MO)
Rex. A. Sharp (51205 KS)
Isaac L. Diel (39503 MO)
Gregory M. Bentz (33369 MO)
4820 West 75th Street
Prairie Village, KS 66208
Telephone: (913) 901-0505
rsharp@midwest-law.com
rafrenchhodson@midwest-law.com
idiel@midwest-law.com
gbentz@midwest-law.com

**SPECTOR, ROSEMAN & KODROFF, PC**
William G. Caldes (00062-1995 NJ; 75842 PA)
Icee N. Etheridge (20256-2016 NJ; 322630 PA)
Jeffrey J. Corrigan (03078-1999 NJ; 2372654 PA)
Jeffrey L. Spector (03375-2007 NJ; 207208 PA)
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

11

bcaldes@srkattorneys.com
ietheridge@srkattorneys.com
jcorrigan@srkattorneys.com
jspector@srkattorneys.com

**TAUS, CEBULASH & LANDAU LLP**
Archana Tamoshunas (3065661 NY)
Brett Cebulash (2612190 NY)
Kevin Landau (2835668 NY)
Evan Rosin (5255153 NY)
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704
atamoshunas@tcllaw.com
bcebulash@tcllaw.com
klandau@tcllaw.com
erosin@tcllaw.com

**ZIMMERMAN REED**
David M. Cialkowski (306526 MN)
Brian C. Gudmundson (336695 MN)
1100 IDS Center, 80 S. 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
David.cialkowski@zimmreed.com
Brian.gudmundson@zimmreed.com

Hart Robinovitch (240515 MN)
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone: (480) 348-6415
Hart.robinovitch@zimmreed.com

*Plaintiffs' Executive Committee*

## **CERTIFICATE OF SERVICE**

I, Derek Y. Brandt, hereby certify that on December 19, 2022, I electronically filed the foregoing Plaintiffs' Renewed Motion for Partial Lift of Stay of Discovery and Memorandum of Law In Support using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

s/ Derek Y. Brandt