# Exhibit A

```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
              EASTERN DIVISION - ST. LOUIS
          BEFORE THE HONORABLE SARAH E. PITLYK
                     DISTRICT JUDGE
```

IN RE: CROP INPUTS          ) Case No.
ANTITRUST LITIGATION        ) 4:21-MD-02993-SEP

==================================================================

RULE 16 CONFERENCE

FRIDAY, OCTOBER 15TH, 2021

==================================================================

PLAINTIFFS APPEARANCES

FOR PLAINTIFF
DARREN DUNCAN                  Leigh M. Perica, Esq.
individually and on            MCCUNE WRIGHT LLP - Edwardsville
behalf of all others           231 North Main Street, Ste 20
similarly situated:            Edwardsville, IL 62025

FOR PLAINTIFF
JONES PLANTING CO. III
on behalf of itself and        Leigh M. Perica, Esq.
all others similarly           MCCUNE WRIGHT LLP - Edwardsville
situated:                      (for Derek Y. Brandt, Esq.)

```
          Stenographically Reported & Produced by:
                  LINDA NICHOLS, RDR, CRR
                    Official Court Reporter
                 United States District Court
                 Eastern District of Missouri
              111 South 10th Street, Third Floor
                     St. Louis, MO  63102
```

1  burden since no discovery requests have been served yet, but
2  I believe Your Honor rejected a similar argument in the *Raimo*
3  case, finding that the hardship was not speculative there, even
4  though no discovery requests had been served yet, and we think
5  the hardship facing Defendants here is even more pronounced for
6  the reasons I mentioned before; this is an antitrust MDL with
7  multiple corporate Defendants.
8  　　　　There is no prejudice facing Plaintiffs by a short
9  discovery stay.  A lot is already happening in this case.  As
10 Your Honor knows, the opening brief on the motion to dismiss is
11 due in a few short weeks.  Briefing will conclude by January.
12 And in the meantime, the parties are already busy negotiating a
13 protective order and negotiating an ESI protocol.  Also, as we
14 mentioned in our briefs, we see those two documents, the ESI
15 protocol and the protective order, as important precursors to
16 discovery.
17 　　　　Now, referring back to *Propane*, Judge Fenner there
18 considered a party's briefing schedule and found that a short
19 five to six-month stay was not prejudicial, and we don't see a
20 short stay as being prejudicial to Plaintiffs here.
21 　　　　Moving quickly to the conservation of judicial
22 resources --
23 　　　　THE COURT:  So let me stop you right there.
24 　　　　MS. JOHNSON:  Yes, Your Honor.
25 　　　　THE COURT:  And I won't dock your five minutes for

1  this.
2      On the question of prejudice, what about the idea of
3  falling behind the governmental investigations?  I confess to
4  being a little -- I would like to hear more from both parties
5  about that idea, and how the Plaintiffs could or could not be
6  potentially prejudiced by not keeping pace with the governmental
7  investigations in Canada and here.
8      MS. JOHNSON:  Yes, Your Honor.
9      We don't see the FTC investigation or the CCB
10 investigation as at all relevant to this case, so there is no
11 risk in falling behind because there is no concurrent government
12 investigation that Plaintiffs might try to keep pace with.
13     THE COURT:  Understood.  If we assumed, though, that
14 they were exactly identical, what do you have to say about the
15 potential of prejudice in that case?
16     MS. JOHNSON:  That's hard because we're assuming facts
17 that just don't exist.
18     THE COURT:  I understand. I really am interested in
19 the point, though; so the relationship between this litigation
20 and an ongoing governmental investigation.  I assume your view
21 is there would not be prejudice in the governmental
22 investigation proceeding while this case is stayed for a period
23 of five to six months, but could you say more about that?  Why
24 not?
25     MS. JOHNSON:  Sure.  I guess even assuming those

1    investigations were relevant, which we strongly dispute -- and
2    I could turn the mic over to co-counsel for Corteva to explain
3    that, if needed --
4         THE COURT:  I'm not rejecting that at all.
5         MS. JOHNSON:  -- there would still be a burden in
6    requiring us to move forward with discovery now and requiring us
7    to produce these so-called government investigation documents.
8         THE COURT:  Uh-huh.
9         MS. JOHNSON:  I just don't see there being any risk of
10   falling behind in this case --
11        THE COURT:  Uh-huh.
12        MS. JOHNSON:  -- in relation to two matters which,
13   again, Your Honor, we just don't see as relevant.
14        THE COURT:  Okay.  Understood.
15        MS. JOHNSON:  And like I said before, the stay of
16   discovery would be short.
17        THE COURT:  Right.
18        MS. JOHNSON:  We're not talking about pausing this
19   entire litigation for years.  There is still much work to be
20   done.
21        THE COURT:  Sure.  Okay.  Thank you.
22        Go ahead.
23        MS. JOHNSON:  So returning to the conservation of
24   judicial resources, Your Honor, as I started saying, waiting
25   briefly on discovery will conserve resources for the parties and

Case 4:21-md-02993-SEP Doc. #: 135 Filed: 04/21/22 Page: 7 of 10 PageID #: 2443
4:21-MD-2993 - RULE 16 CONFERENCE - 10/15/2021

33

1  the arguments made by the other Defendants.

2          THE COURT: Uh-huh.

3          MR. MCCLUGGAGE: Federated does, however, have an

4  additional argument. I know the Court is conversant with the

5  papers and so I won't belabor this at all, but Federated

6  Cooperatives is a Canadian company. It doesn't do business in

7  the United States.

8          THE COURT: Uh-huh.

9          MR. MCCLUGGAGE: It has raised, and will again raise

10 the issue of whether the Court has personal jurisdiction over

11 it. And our point, very simply, is that it would not be

12 appropriate to subject Federated Co-operatives to discovery

13 until the personal jurisdiction issues are resolved.

14         THE COURT: Understood. Thank you very much.

15         All right. In the interests of not keeping you all in

16 suspense, I'm going to rule on the motion to stay.

17         The motion for stay of discovery is granted in part and

18 denied in part. The parties will move forward with Rule 26(a)

19 disclosures. And other fact discovery, including discovery

20 related to governmental investigations, will be stayed pending

21 resolutions of the motions to dismiss. The parties will also

22 move forward on determining ESI protocols and drafting an agreed

23 protective order while the Court considers the motions to

24 dismiss, and we'll talk about the deadlines that you all

25 proposed for those matters in a moment.

1     This outcome I think sufficiently addresses Defendants'
2  concern about avoiding exposure to expensive and burdensome and
3  potentially unnecessary discovery that can arise in antitrust
4  cases and in multidistrict litigation, while not bringing the
5  case to a complete standstill because there will be progress
6  made on a number of fronts, including the motions themselves but
7  also ESI protocols, Rule 26 disclosures and the protective
8  order.
9     The deadline for the motion to dismiss to be completely
10 briefed is January, so I anticipate not letting it sit around
11 and gather dust.  So I don't think that the Plaintiffs can
12 anticipate a substantial delay in discovery, even with the grant
13 of this motion, such as I'm granting it today.  And, of course,
14 should circumstances change over the course of the stay,
15 Plaintiffs are free to move to lift the stay if they believe
16 that evidence of prejudice to them or of harm to the Defendants,
17 if that changes, or that calculation should change over time.
18 And I'll say more about what I'm considering today to be
19 persuasive.
20    So, obviously, as both parties have noted, the decision
21 to grant a stay under these circumstances -- I shouldn't even
22 say "under these circumstances" because circumstances in every
23 single case differ so substantially that, truly, it's a novel
24 question in every case -- but in the general circumstances of a
25 motion to stay discovery while motions to dismiss are pending,

that's very much a matter of the Court's discretion and it relies on a number of factors which you've all raised.

In this case the first factor, likelihood of success on the merits, just can't even really be evaluated at the moment and so it is not significant to my calculus. The second, hardship to the moving party, I think weighs fairly strongly in favor of a stay, to the extent it can be evaluated at this time, given the character of the case.

There are precedents. *Twombly* is one of them. *In re: Propane Tanks,* obviously not binding on the Court but relevant in its similarity, is another that cautions courts to take seriously the potential burdens of discovery in antitrust cases on the one hand and multi-district litigation on the other.

Here, we have both a broad antitrust case with a number of Defendants and a number claims involved, and I think the potential of unnecessary or overly burdensome discovery is high, if we were just to open the floodgates without first considering how the motions to dismiss might narrow, if not dispose of some Defendants or claims.

I'm not oblivious to the fact that Plaintiffs want these documents and have good reasons for wanting the documents, particularly the ones related to the government investigations, but moving to the third factor, I don't think that the relationship between those investigations and this case is clear

1 enough for me to find that that risk of prejudice from a modest
2 delay in your access to those documents would justify the
3 potential for burdensome and possibly unnecessary discovery on
4 the part of the Defendants.  For one thing, we don't know enough
5 about the FTC investigation.  I'm taking no position on whether
6 it overlaps or not with this because I just don't know.

7 Then, secondly, as we know, that only affects one of
8 the Defendants so far.  Again, this is the kind of fact that,
9 were it to change, Plaintiffs could come to the Court with a
10 renewed motion to lift the stay because if we find out more
11 about the FTC investigation and it turns out that it is quite
12 relevant, and this delay turns out to be longer than the Court
13 is anticipating, et cetera, et cetera, there are facts that
14 could change, that could change this evaluation.

15 But what I'm looking at right now, it does not look to
16 me that the risk of prejudice to Plaintiffs from the modest stay
17 proposed, given that they will have the Rule 26 disclosures,
18 I don't think that outweighs the potential risk of overly
19 burdensome discovery that may be unnecessary, depending on the
20 outcome of the motion to dismiss.  And, again, a great deal of
21 that calculation depends on the fact that the anticipated
22 duration of this stay is quite limited.  I do not expect this
23 stay to go on for a year or two.

24 As to the fourth factor, the conservation of judicial
25 resources, I think that weighs in favor of a brief stay, as

well. Pendency of a dispositive motion is not by itself sufficient, obviously, but given the scope of this case, the number of Defendants, the number of various permutations it could take based on the motions to dismiss, I do think that it would be valuable for the Court, as well as the parties, to have the issues narrowed and distilled by the process of a motion to dismiss before full discovery begins.

So all three of the factors that I can consider at this point support a partial stay of discovery, pending resolution of the motions to dismiss. Are there any questions about the scope of that stay?

No. Okay.

MS. ALDRIDGE: Your Honor, just for clarification?

THE COURT: Yes.

MS. ALDRIDGE: Sterling Aldridge. You're allowing initial disclosures, ESI protocol and the protective order?

THE COURT: Yes, and we will provide dates for all of those in just one moment.

MS. ALDRIDGE: Very good. Thank you.

THE COURT: Yes, so it will be very clear, by the time you leave today, what's going to happen between now and the ruling on the motion to dismiss, hopefully. If it's not, you can follow up.

Any additional questions? No. Okay. So moving on. And thank you all for your very thorough and capable briefing