UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE: CROP INPUTS ANTITRUST LITIGATION | Case No. 4:21-md-02993-SEP<br><br>MDL No. 2993 |
| This Document Relates To:<br><br>ALL CASES | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL LIFT OF STAY OF DISCOVERY**

Defendants' opposition brief presents no valid reason why the Court should maintain a stay of discovery with respect to the narrow category of documents produced to the Federal Trade Commission ("FTC") and the Canadian Competition Bureau ("CCB").

**ARGUMENT**

**I.    The Factual Landscape Has Changed Since the Court's Initial Stay Decision.**

Defendants spend a significant portion of their brief summarizing the arguments they made when they first sought a stay of discovery more than a year ago. To hear Defendants tell it, courts should maintain a complete stay of discovery whenever a defendant has moved to dismiss antitrust claims. That, of course, is not correct: a stay of discovery "is not favored" and must be supported by good cause, even in antitrust cases. *KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-cv-2065-DDC-TJJ, 2021 WL 1108684, at *1 (D. Kan. Mar. 23, 2021); *In re Pork Antitrust Litig.*, No. 18-cv-1776 (JRT/HB), 2019 WL 480518, at *3 (D. Minn. Feb. 7, 2019).

Missing from Defendants' brief is any meaningful acknowledgement of the Court's stated basis for staying the discovery of documents produced to government regulators. When the Court granted the partial stay, it appeared at that time that it lacked sufficient information to determine

1

the relevance of the FTC's pending investigation to this case. (Transcript of October 15, 2021, Rule 16 Conference at 36:4–6 ("Tr."), ECF No. 227-1.) In addition, in evaluating the risk of prejudice to the Plaintiffs from a delay in discovery, "a great deal" of the Court's calculation rested on its assumption that the duration of the stay would be "quite limited"; the Court "[did] not expect th[e] stay to go on for a year or two." (Tr. at 36:20–23.) Indeed, the Court explicitly contemplated that Plaintiffs could move to lift the stay if more information about the FTC investigation became available and the "delay turn[ed] out to be longer than the Court" anticipated. (Tr. at 36:8–14.)

Both developments that the Court said would justify a motion to lift the stay have come to pass. Discovery has now been stayed for nearly 16 months—significantly longer than the "five to six months" the Court expected. (Tr. at 19:18–24.) And the FTC investigation has led to a detailed complaint that, as discussed below, confirms that the agency's investigation is relevant to this case. *See* Complaint, *FTC v. Syngenta Crop Protection AG, et al.*, No. 22-cv-828 (M.D.N.C. Sept. 29, 2022), ECF No. 1 ("FTC Compl.") (copy filed with Plaintiffs' September 30, 2022 Notice of Supplemental Authority, ECF No. 217).[1]

These changed circumstances not only justify lifting the stay, but also illustrate the increased risk of prejudice to Plaintiffs if the stay continues. In addition to all the risks Plaintiffs already highlighted when opposing Defendants' initial motion for a stay (*see* ECF No. 119 at 9), Plaintiffs may now lose the opportunity to coordinate discovery with the FTC action and the private actions that have followed it.

---

[1] The FTC has since filed an amended complaint, which is attached as Exhibit 1. The amended complaint adds named plaintiffs and factual allegations and removes redactions from allegations that were previously redacted. None of the changes affect the arguments Plaintiffs advance here. To maintain consistency with the parties' prior submissions, citations to the "FTC Complaint" herein refer to the FTC's original complaint, unless otherwise indicated.

2

By contrast, any prejudice Defendants might have faced when they first sought a stay of discovery has since diminished. Defendants rehash their argument that they would have to make a "costly and time-consuming review" of materials previously produced to the FTC and the CCB. (ECF No. 237 at 8.) As an initial matter, even though it is their obligation and fully within their ability, Defendants have done nothing to substantiate their burden objection. For example, even though presumably they reviewed them before producing them to the government regulators, they have made no showing to quantify the volume of documents produced to government regulators or the time and expense they say would be required to re-review them. And in any event, Defendants likely will need to review and produce these documents in the private actions prompted by the FTC Complaint. Defendants have not identified any incremental burden involved in producing the same documents here.

Defendants once again rely heavily on *In re: Pre-Filled Propane Tank Antitrust Litig.*, MDL No. 2567, 2015 WL 11022887, at *4 (W.D. Mo. Feb. 24, 2015) ("*Propane*"). Whatever persuasive value *Propane* may have had over a year ago, however, no longer applies. The *Propane* court was faced with a request for a stay before a motion to dismiss had even been filed and, like this Court, anticipated that a stay would only result in a delay of "approximately five to six months." *Id.* at *2. By contrast, Plaintiffs now ask this Court to decide whether to maintain a stay that has already been in effect for over a year. Furthermore, the FTC had "already issued its final order" by the time the court granted a stay in *Propane*. *Id.* at *4. Here, the FTC's investigation has resulted in a lawsuit and multiple private follow-on actions that remain ongoing. The Court should lift the stay to avoid putting Plaintiffs at an unfair disadvantage.

### II.     The FTC's Allegations Are Relevant to This Litigation.

Defendants' argument that the FTC investigation and resulting complaint are "wholly unrelated to Plaintiffs' allegations in this case" cannot be squared with the record or common sense. (ECF No. 237 at 9–10.) Plaintiffs made clear in their Consolidated Amended Class Action Complaint—filed nearly a year before the FTC Complaint—that the FTC investigation was relevant to the conspiracy alleged in this case. (ECF No. 104 ¶¶ 11, 13, 120.) At that point, however, it was not possible for Plaintiffs to allege nonpublic details about the investigation, to which Plaintiffs had no access.

The FTC Complaint confirms that the agency's investigation is relevant to this case. First, the actions share two named Defendants. Notwithstanding this overlap, Defendants suggest that the cases are unrelated because this action involves additional parties. (ECF No. 237 at 10–11.) As explained in Plaintiffs' opening brief, however, the FTC Complaint—which is heavily redacted—implicates yet-unnamed distributors and retailers in the alleged anticompetitive scheme, and those entities likely include at least some of the Wholesaler and Retailer Defendants in this case. (*See* FTC Compl. ¶¶ 50, 58–59, 76, 87, 96, 109, 161, 167, 171–72, 175, 187.)

Second, the FTC Complaint concerns the market for crop protection products, which fall within Plaintiffs' definition of Crop Inputs. Once again, Defendants strain to avoid this obvious intersection by arguing that the FTC Complaint primarily focuses on six active ingredients for such products. (ECF No. 237 at 10.) This argument mischaracterizes the FTC Complaint. While the scheme the FTC alleges includes the six specifically identified products, it is not *limited* to those products. On the contrary, the FTC seeks relief "as to all crop-protection products and active ingredients." (FTC Compl. at 84 (Prayer for Relief ¶ 16).)

Finally, both cases involve a scheme to inflate the prices of Crop Inputs by blocking competition from new and potential market participants in the established distribution chain which Defendants dominate. Defendants' attempt to artificially separate the cases by focusing on differences in the means used to effectuate the conspiracy is myopic and not persuasive. Indeed, while the FTC highlights certain Defendants' use of so-called "loyalty programs," it alleges that Defendants have "also harmed competition through other anticompetitive conduct deployed in conjunction with loyalty programs." FTC Compl. ¶ 157. The many similarities between the allegations in the two cases refute Defendants' claim that they are "wholly unrelated."

Finally, Defendants point to a decision by the Clerk of the Judicial Panel on Multidistrict Litigation ("JPML") not to include certain private follow-on actions to the FTC Complaint in this MDL. (ECF No. 237 at 11.) To the extent Defendants argue that this unreasoned, text-only order justifies continuing the stay of discovery, they read far too much into it. Two cases may be relevant to one another even if the JPML decides not to centralize them. The decision whether to transfer an action under 28 U.S.C. § 1407 involves a variety of practical, discretionary considerations regarding convenience and efficiency that may lead the JPML to decline centralization even when multiple actions raise similar factual questions. *See, e.g.*, *In re Broiler Chicken Grower Antitrust Litig.*, 325 F. Supp. 3d 1366, 1367 (J.P.M.L. 2018) (denying transfer where there was "no dispute that th[e] litigation involve[d] common factual questions" because informal cooperation among attorneys was a feasible alternative to centralization); *In re Kohl's Telephone Consumer Protection Act (TCPA) Litig.*, 220 F. Supp. 3d 1363, 1364–65 (J.P.M.L. 2016) (declining to centralize actions that involved overlapping factual questions in part because of "procedural disparity among the cases"). The JPML Clerk's short summary order does not detract from the substantial overlap between the FTC Complaint and this case.

5

### III. The Court Should Lift the Stay of Discovery With Respect to Documents Produced to the CCB.

Defendants also reiterate their argument that they should not be required to produce materials previously produced to the CCB. In addition to more unsubstantiated assertions about the burden to produce documents that have already been collected, reviewed, organized, and produced, Defendants argue that there is no "emergent need" for such discovery because the CCB has closed its investigation; that no discovery may proceed against Federated Co-operatives Limited ("FCL") while its personal-jurisdiction motion is pending; and that certain Defendants may lack possession, custody, or control over documents produced to the CCB by their Canadian affiliates. (ECF No. 237 at 11–12.)

These arguments are misguided. Plaintiffs have elsewhere explained the relevance of the Canadian investigation to this case (*see* ECF No. 119 at 7–8; ECF No. 164 at 20–22), and the investigation's closure does not change anything. On the contrary, although the CCB decided not to act under Canadian law, its investigation revealed evidence that "certain market participants communicated with the goal of influencing suppliers with respect to [Farmer's Business Network]," and the agency viewed these communications as "a significant concern"—facts that are conspicuously absent from Defendants' brief. (ECF No. 194-1 at 3.) It is entirely plausible that documents produced in the CCB investigation would support a claim under U.S. law, and Plaintiffs should have the opportunity to examine them. Plaintiffs need not show an "emergent need" to obtain this limited and relevant discovery.[2]

---

[2] Contrary to Defendants' innuendo, Plaintiffs' prior offer of a compromise under which Defendants would turn over documents produced to the FTC but not documents produced to the CCB does not make the latter any less relevant and discoverable. As Defendants conveniently ignore, Plaintiffs explicitly stated in their opening brief that this offer was made in good faith during the parties' meet and confer in an effort to resolve the dispute and was based, not on Plaintiffs' view that the CCB documents were not relevant (Plaintiffs have consistently maintained

6

Defendants' other arguments are similarly nonresponsive to Plaintiffs' limited request. The mere fact that FCL has challenged this Court's personal jurisdiction does not warrant an automatic continuation of the discovery stay. *See Blacktop, Inc. v. Edible Arrangements Int'l, LLC*, No. 4:14-CV-5-DGK, 2014 WL 12695690, at *1 (W.D. Mo. Apr. 30, 2014) (denying discovery stay where court was not persuaded defendant was "likely" to succeed on its personal jurisdiction motion and discovery would not result in irreparable harm). As shown by Plaintiffs' brief opposing FCL's motion to dismiss (ECF No. 169), FCL is not likely to succeed on its jurisdictional objection, and the pendency of that motion alone does not justify further delay.

## **CONCLUSION**

For the foregoing reasons, as well as those in Plaintiffs' opening brief, Plaintiffs respectfully submit that this Court should lift the previously ordered stay of discovery as to documents Defendants produced to the FTC and the CCB, and order their production to Plaintiffs in this case.

---

they are), but rather the fact that "based on Defendants' brief" Plaintiffs believed Defendants "would be more open to such a compromise." (*See* ECF No. 235 at 1 n.1.) Defendants, on the other hand, declined to provide any alternative compromise or to alter their position in any way. (*See id.* at 1.) Indeed, Defendants declined to even identify which entities among them had actually produced materials to the FTC, ruling out any narrowing of the motion on that basis and further supporting Plaintiffs' argument that Defendants have not even attempted to substantiate the purported burden of producing the FTC materials. (*See id.* at 1–2.)

Dated: <u>January 12, 2023</u>

Respectfully submitted,

*s/ Derek Y. Brandt*
**MCCUNE LAW GROUP, MCCUNE WRIGHT AREVALO VERCOSKI KUSEL WECK BRANDT, APC**
Derek Y. Brandt (6228895 IL)
Leigh M. Perica (6316856 IL)
Connor P. Lemire (704702 MA)
231 N. Main Street, Suite 20
Edwardsville, IL 62025
Telephone: (618) 307-6116
dyb@mccunewright.com
lmp@mccunewright.com
cpl@mccunewright.com

*Plaintiffs' Liaison Counsel*

*s/ W. Joseph Bruckner (w/consent)*
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (0147758 MN)
Rebecca A. Peterson (241858 MN)
Robert K. Shelquist (21310x MN)
Brian D. Clark (0390069 MN)
Craig S. Davis (0148192 MN)
R. David Hahn (0401262 MN)
100 Washington Avenue So., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
rapeterson@locklaw.com
rkshelquist@locklaw.com
bdclark@locklaw.com
csdavis@locklaw.com
rdhahn@locklaw.com

*s/ Michelle J. Looby (w/consent)*
**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson (202241 MN)
Michelle J. Looby (0388166 MN)
Daniel C. Hedlund (258337 MN)
Daniel J. Nordin (0392393 MN)
Kaitlyn L. Dennis (0397433 MN)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
mlooby@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
kdennis@gustafsongluek.com

*s/ Sterling Aldridge (w/consent)*
**BARRETT LAW GROUP, P.A.**
John W. "Don" Barrett (2063 MS)
Sterling Aldridge (104277 MS)
Katherine Barrett Riley (99109 MS)
David McMullan, Jr. (8494 MS)
P.O. Box 927
404 Court Square North

8

Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com
sstarns@barrettlawgroup.com
kbriley@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

*Plaintiffs' Interim Co-Lead Class Counsel*

**COTCHETT, PITRE & MCCARTHY, LLP**
Adam Zapala (245748 CA)
Elizabeth Castillo (280502 CA)
Karin B. Swope (24015 WA)
James G.B. Dallal (277826 CA)
840 Malcom Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com
kswope@cpmlegal.com
jdallal@cpmlegal.com

**EDELSON LECHTZIN LLP**
Marc Edelson (51834 PA)
Sati Gibson (90316 PA)
3 Terry Drive, Suite 205
Newton, PA 18940
Telephone: (215) 867-2399
Medelson@edelson-law.com
sgibson@edelson-law.com

**HELLMUTH & JOHNSON PLLC**
Michael R. Cashman (206945 MN)
Anne T. Regan (0333852 MN)
Nathan D. Prosser (0329745 MN)
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005
Facsimile: (952) 941-2337
mcashman@hjlawfirm.com
aregan@hjlawfirm.com
nprosser@hjlawfirm.com

**DICELLO LEVITT GUTZLER**
Gregory S. Asciolla
Karin E. Garvey
Jonathan Crevier
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Telephone: (646) 933-1000
gasciolla@dicellolevitt.com
kgarvey@dicellolevitt.com
jcrevier@dicellolevitt.com

**PAUL LLP**
Richard M. Paul III (44233 MO)
Ashlea G. Schwarz (60102 MO)
601 Walnut Street, Suite 300
Kansas City, MO 64106
Telephone: (816) 984-8100
Facsimile: (816) 984-8108
Rick@PaulLLP.com
Ashlea@PaulLLP.com

**REINHARDT WENDORF & BLANCHFIELD**
Mark Reinhardt (90530 MN)
Garrett D. Blanchfield (209855 MN)
Roberta A. Yard (322295 MN)
332 Minnesota Street, Suite W1050
St. Paul, MN 55101
Telephone: (651) 287-2100
Facsimile: (651) 287-2103
m.reinhardt@rwblawfirm.com

9

g.blanchfield@rwblawfirm.com
r.yard@rwblawfirm.com

**SHARP LAW LLP**
Ruth Anne French-Hodson (65461 MO)
Rex. A. Sharp (51205 KS)
Isaac L. Diel (39503 MO)
Gregory M. Bentz (33369 MO)
4820 West 75th Street
Prairie Village, KS 66208
Telephone: (913) 901-0505
rsharp@midwest-law.com
rafrenchhodson@midwest-law.com
idiel@midwest-law.com
gbentz@midwest-law.com

**SPECTOR, ROSEMAN & KODROFF, PC**
William G. Caldes (00062-1995 NJ; 75842 PA)
Icee N. Etheridge (20256-2016 NJ; 322630 PA)
Jeffrey J. Corrigan (03078-1999 NJ; 2372654 PA)
Jeffrey L. Spector (03375-2007 NJ; 207208 PA)
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
bcaldes@srkattorneys.com
ietheridge@srkattorneys.com
jcorrigan@srkattorneys.com
jspector@srkattorneys.com

**TAUS, CEBULASH & LANDAU LLP**
Archana Tamoshunas (3065661 NY)
Brett Cebulash (2612190 NY)
Kevin Landau (2835668 NY)
Evan Rosin (5255153 NY)
123 William St., Ste. 1900A
New York, NY 10038
Telephone: (212) 931-0704
atamoshunas@tcllaw.com
bcebulash@tcllaw.com
klandau@tcllaw.com
erosin@tcllaw.com

**ZIMMERMAN REED**
David M. Cialkowski (306526 MN)
Brian C. Gudmundson (336695 MN)
1100 IDS Center, 80 S. 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
David.cialkowski@zimmreed.com
Brian.gudmundson@zimmreed.com

Hart Robinovitch (240515 MN)
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone: (480) 348-6415
Hart.robinovitch@zimmreed.com

*Plaintiffs' Executive Committee*

**CERTIFICATE OF SERVICE**

I, Derek Y. Brandt, hereby certify that on January 12, 2023, I electronically filed the foregoing Reply Memorandum of Law in Support of Plaintiffs' Motion for Partial Lift of Discovery Stay using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

                                                      s/ Derek Y. Brandt